UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------------X
ANDREW LAPLANTE, VALERI BRADLEY,   :
DENISE CINOUSIS, KRISTEN DOERRMANN,   :
JOHN DONOFRIO, LAUREN DOWNEY,   :
KATHLEEN DOYLE, RACHEL HOFFMAN,   :
CAROLYN LAPPS, KEVIN MONAGHAN,   :
IOANNA MYLONAS, ROBIN MARIE PALO,   :   **12 Civ. 06820 (RBS)**
ANTHONY PERRUCCI, and MARY UNGER,   :
on behalf of themselves and all others   :
similarly situated,   :
   :   **CLASS/COLLECTIVE**
   Plaintiffs,   :   **ACTION AMENDED**
   :   **COMPLAINT**
   -against-   :
   :
WRIGHT FOOD SERVICES LLC d/b/a   :
CHICKIE'S & PETE'S, CPC INTERNATIONAL LLC   :   **JURY TRIAL DEMANDED**
d/b/a CHICKIE'S & PETE'S, CHICKIE'S AND   :
PETE'S INC. d/b/a CHICKIE'S & PETE'S, 4010 LLC   :
d/b/a CHICKIE'S & PETE'S, PACKER CAFÉ, INC.   :
d/b/a CHICKIE'S & PETE'S, DREXEL HILL   :   **ECF CASE**
CPC LLC d/b/a CHICKIE'S & PETE'S,   :
WARRINGTON CPC LLC d/b/a CHICKIE'S &   :
PETE'S, CPC BUCKS COUNTY LLC d/b/a   :
CHICKIE'S & PETE'S, 130 CRABCO N.J., LLC; EHT   :
CRABCO NJ, LLC, and PETER CIARROCCHI,   :
   :
   Defendants.   :
-----------------------------------------------------------------------X

      Plaintiffs Andrew Laplante, Valeri Bradley, Denise Cinousis, Kristen Doerrmann,

John Donofrio, Lauren Downey, Kathleen Doyle, Rachel Hoffman, Carolyn Lapps,

Kevin Monaghan, Ioanna Mylonas, Robin Marie Palo, Anthony Perrucci, and Mary

Unger ("plaintiffs"), on behalf of themselves and all others similarly situated, by their

attorneys Berke-Weiss & Pechman LLP and Law Offices of Mitchell Schley, LLC,

complaining of defendants Wright Food Services LLC d/b/a Chickie's & Pete's, CPC

International LLC d/b/a Chickie's & Pete's, Chickie's and Pete's Inc. d/b/a Chickie's &

Pete's, 4010 LLC d/b/a Chickie's & Pete's, Packer Café, Inc. d/b/a Chickie's & Pete's,

Drexel Hill CPC LLC d/b/a Chickie's & Pete's, Warrington CPC LLC d/b/a Chickie's

& Pete's, CPC Bucks County LLC d/b/a Chickie's & Pete's, 130 Crabco NJ, LLC d/b/a Chickie's & Pete's, EHT Crabco NJ, LLC and Peter Ciarrocchi (collectively referred to herein as "defendants" or "Chickie's & Pete's"), allege as follows:

## NATURE OF THE ACTION

1.     This action is brought to recover unpaid minimum and overtime wages and all available relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, Philadelphia's Gratuity Protection Bill, Philadelphia Code § 9-614 ("GPB"), and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL").

2.     Chickie's & Pete's, named the country's best sports bar by ESPN, has locations at the Philadelphia International Airport, Robbins Avenue, Packer Avenue, and Roosevelt Boulevard in Philadelphia, as well as locations in Warrington, Bensalem, Norristown, and Drexel Hill, Pennsylvania and in Bordentown, Egg Harbor, and Ocean City, New Jersey.

3.     Chickie's & Pete's has systematically ignored the requirements of the FLSA, PMWA, WPCL, GPB, and NJWHL and has failed to compensate its waitstaff (*i.e.*, servers and bartenders) at the statutory minimum wage rates by diverting tips belonging to the waitstaff.  In particular, Chickie's & Pete's required its waitstaff to pay between two percent (2%) and four percent (4%) of their gross sales back to the restaurant in cash – a practice referred to by some of the waitstaff as the "Pete Tax," in reference to defendant Peter Ciarrocchi.

4.     Plaintiffs seek unpaid wages, liquidated damages, pre-judgment and post-judgment interest, injunctive and declaratory relief against defendants' unlawful

actions, and attorneys' fees and costs pursuant to the FLSA, PMWA, WPCL, GPB, and NJWHL.

## JURISDICTION

5.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction over plaintiffs' claims under the PMWA, WPCL, GPB, and NJWHL is conferred by 28 U.S.C. §§ 1332 and 1367, as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

6.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district.

## THE PARTIES

**Plaintiffs**

7.     Andrew Laplante ("Laplante") resides in Pennsauken, New Jersey. Laplante was employed as a bartender and server at Chickie's & Pete's Philadelphia International Airport locations from in or about July 2008 through March 2011.

8.     Valeri Bradley resides in Ivyland, Pennsylvania.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about May 2009 through May 2010.

9.     Denise Cinousis resides in Runnemede, New Jersey.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about September 2011 through July 2012.

10.     Kristen Doerrmann resides in Philadelphia, Pennsylvania.  She was employed as a bartender and server at Chickie's & Pete's Philadelphia International Airport locations from in or about 2008 through the summer of 2011.

11.     John Donofrio resides in Philadelphia, Pennsylvania.  He was employed as a bartender and server at Chickie's & Pete's Philadelphia International Airport locations from in or about April 2009 through in or about October 2011.

12.     Lauren Downey resides in Philadelphia, Pennsylvania.  She was employed as a bartender and server at Chickie's & Pete's Philadelphia International Airport locations from in or about November 2009 through in or about October 2011.

13.     Kathleen Doyle resides in Philadelphia, Pennsylvania.  She was employed as a server at Chickie's & Pete's Roosevelt Boulevard location from in or about November 2001 through October 2012.

14.     Rachel Hoffman resides in Voorhees, New Jersey.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about August 2009 through March 2012.

15.     Carolyn Lapps resides in Sewell, New Jersey.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about September 2011 through July 2012.

16.     Kevin Monaghan resides in Southampton, Pennsylvania.  He was employed as a bartender at Chickie's & Pete's Warrington location from in or about October 2011 through August 2012.

17.     Ioanna Mylonas resides in Springfield, Pennsylvania.  She has been employed as a server at Chickie's & Pete's Drexel Hill location since in or about July 2012 through the present.

18.     Robin Marie Palo resides in Cheltenham, Pennsylvania.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about April 2005 through March 2012.

19.     Anthony Perrucci resides in Philadelphia, Pennsylvania.  He was employed as a server at Chickie's & Pete's Warrington location from in or about August 2011 through in or about March 2012.

20.     Mary Unger resides in Philadelphia, Pennsylvania.  She was employed as a server at Chickie's & Pete's Packer Avenue location from in or about 2009 through 2011.

**Defendants**

21.     Defendant Wright Food Services LLC d/b/a Chickie's and Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment with four locations in the Philadelphia International Airport in terminals A-West, C, D, and E.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

22.     Defendant CPC International LLC d/b/a Chickie's and Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment with four locations in the Philadelphia International Airport in terminals A-West, C, D, and E.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

23.     Defendant Chickie's and Pete's Inc. d/b/a Chickie's & Pete's is a Pennsylvania corporation that owns and operates Chickie's & Pete's, a dining establishment located at 11000 Roosevelt Boulevard, Philadelphia, Pennsylvania, 19116. Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises**.**

24.     Defendant 4010 LLC d/b/a Chickie's & Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment located at 4010 Robbins Avenue, Philadelphia, Pennsylvania, 19135.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

25.     Defendant Packer Café, Inc. d/b/a Chickie's & Pete's is a Pennsylvania corporation that owns and operates Chickie's & Pete's, a dining establishment located at 1526 Packer Avenue, Philadelphia, Pennsylvania, 19145.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

26.     Defendant Drexel Hill CPC LLC d/b/a Chickie's & Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment located at 5035 Township Line Road, Drexel Hill, Pennsylvania, 19026.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

27.     Defendant Warrington CPC LLC d/b/a Chickie's & Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment located at 500 Easton Road, Warrington, Pennsylvania, 18976. Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

28.     Upon information and belief, defendant CPC Bucks County, LLC d/b/a Chickie's & Pete's is a Pennsylvania limited liability company that owns and operates Chickie's & Pete's, a dining establishment located inside Parx Casino at 2999 Street Road, Bensalem, Pennsylvania, 19020.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

29.     Upon information and belief, defendant 130 Crabco NJ, LLC d/b/a Chickie's & Pete's is a New Jersey limited liability company that owns and operates

Chickie's & Pete's, a dining establishment located at 183 US Highway 130, Bordentown, New Jersey, 08505.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

30.     Upon information and belief, defendant EHT Crabco NJ, LLC d/b/a Chickie's & Pete's is a New Jersey limited liability company that owns and operates Chickie's & Pete's, a dining establishment located at 6055 Blackhorse Pike, Egg Harbor Township, New Jersey, 08234.  Chickie's & Pete's prepares and serves food and alcoholic beverages for customers on its premises.

31.     The corporate defendants are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because their annual gross volume of sales exceeds $500,000 and their employees, including plaintiffs, handle and sell goods that have been moved in, or produced for, commerce, such as, *inter alia*, food items and beverages.

32.     Upon information and belief, Chickie's and Pete's Inc. d/b/a Chickie's & Pete's, Wright Food Services LLC d/b/a Chickie's & Pete's, CPC International LLC d/b/a Chickie's & Pete's, 4010 LLC d/b/a Chickie's & Pete's, Packer Café, Inc. d/b/a Chickie's & Pete's, Drexel Hill CPC LLC d/b/a Chickie's & Pete's, Warrington CPC LLC d/b/a Chickie's & Pete's, CPC Bucks County, LLC d/b/a Chickie's & Pete's, 130 Crabco NJ, LLC d/b/a Chickie's & Pete's, and EHT Crabco NJ, LLC d/b/a Chickie's & Pete's are a single and joint employer and have had a high degree of interrelated and unified operations, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

33.     Defendant Peter Ciarrocchi ("Ciarrocchi") is a natural person engaged in business in the City and County of Philadelphia, who is the owner of Chickie's & Pete's,

7

and is sued individually in his capacity as an owner, officer and/or agent of Chickie's & Pete's.  Ciarrocchi exercises sufficient control over Chickie's & Pete's operations to be considered plaintiffs' employer under the FLSA, PMWA, WPCL, GPB, and NJWHL and at all times material herein established and implemented the pay practices, labor relations and personnel policies and practices at Chickie's & Pete's.  Ciarrocchi is personally, jointly and severally liable for the violations of the FLSA, PMWA, WPCL, GPB, and NJWHL by Chickie's & Pete's.

34.    At all relevant times, defendants have been plaintiffs' employers within the meaning of the FLSA, PMWA, WPCL, GPB, and NJWHL.

## COLLECTIVE ACTION ALLEGATIONS

35.    The claims in this Amended Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and other similarly situated individuals who are current and former employees of Chickie's & Pete's since the date three years prior to the filing of the Complaint who elect to opt-in to this action.

36.    Plaintiffs bring this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated individuals, which shall include:

> All persons who work or worked as waitstaff (*i.e.*, servers and bartenders) for the defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

37.    The FLSA Collective consists of approximately three hundred (300) similarly situated current and former employees of Chickie's & Pete's who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage and other wages.

38.    The FLSA Collective consists of employees who, during their employment at Chickie's & Pete's, fell into the category of non-exempt, non-managerial tipped

employees (*i.e.*, bartenders and servers) who customarily and regularly earn more than $30.00 per month in tips and were required by defendants to participate in a tip-out scheme at Chickie's & Pete's.

39.    As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.  This policy, pattern or practice includes, *inter alia*, the following:

    a.   depriving the waitstaff of tips that they earned;

    b.   improperly paying its waitstaff below minimum wage;

    c.   failing to pay its waitstaff overtime at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) in a workweek;

    d.   failing to provide notice to its waitstaff of its intention to take a "tip credit" against the minimum wage; and

    e.   misappropriating tips earned by its waitstaff.

40.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing overhead costs and denying employees compensation.

41.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiffs and the FLSA Collective.

42.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Chickie's & Pete's, are readily identifiable and locatable through Chickie's & Pete's records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

43.     The claims in this Amended Complaint arising out of the PMWA, WPCL, GPB, and NJWHL are brought by plaintiffs on behalf of themselves and other similarly situated individuals who are current and former employees of Chickie's & Pete's since the date three years prior to the filing of the Complaint.

44.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All persons who work or worked as waitstaff (*i.e.*, servers and bartenders) for the defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

45.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

46.     Upon information and belief, the size of the Rule 23 Class is approximately three hundred (300) people, although the precise number of such employees is unknown.  Facts supporting the calculation of that number are presently within the sole control of defendants.

47.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

48.     Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

> a.   whether defendants violated PMWA Article 43, §§ 333.101, *et seq.*, and the supporting Pennsylvania Department of Labor & Industry regulations;
>
> b.   whether defendants violated NJWHL and the supporting New Jersey Department of Labor & Industry regulations;

    c.    whether defendants violated the Philadelphia Gratuity Protection Bill, Philadelphia Code § 9-614;

    d.    whether defendants misappropriated tips from plaintiffs and the Rule 23 Class;

    e.    whether defendants' misappropriation of tips constitutes an unlawful deduction under the WPCL;

    f.    whether defendants promulgated and implemented an unlawful tip-out scheme;

    g.    whether defendants failed to pay plaintiffs and the Rule 23 Class the applicable minimum and overtime wages under the PMWA;

    h.    whether defendants failed to pay plaintiffs and the Rule 23 Class the applicable minimum and overtime wages under the NJWHL;

    i.    whether defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    j.    the nature and the extent of class-wide injury and the measure of damages for those injuries.

49.    The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class work or have worked for defendants as waitstaff (*i.e.* servers and bartenders) at Chickie's & Pete's within the three years prior to the filing of this action.  They have the same statutory rights under the PMWA and NJWHL to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn.  Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the PMWA and NJWHL.

50.    Plaintiffs and the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and procedures.

51.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs have retained counsel competent and

experienced in wage and hour litigation and class action litigation.  There is no conflict

between the plaintiffs and the Rule 23 Class members.

52.     A class action is superior to other available methods for the fair and

efficient adjudication of this litigation.  The members of the Rule 23 Class have been

damaged and are entitled to recovery as a result of Chickie's & Pete's common policies,

practices, and procedures.  Although the relative damages suffered by the individual

class members are not *de minimis*, such damages are small compared to the expense and

burden of individual prosecution of this litigation.  Individual plaintiffs lack the

financial resources necessary to conduct a thorough examination of Chickie's & Pete's

compensation practices and to prosecute vigorously a lawsuit against defendants to

recover such damages.  In addition, class action litigation is superior because it will

obviate the need for unduly duplicative litigation that might result in inconsistent

judgments about defendants' practices.

53.     This action is properly maintainable as a class action under Rule 23(b)(3)

of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

54.     The FLSA, PMWA, and NJWHL require employers to pay a minimum

hourly wage, currently $7.25 per hour.

55.     Under certain circumstances, employers are allowed under the FLSA, the

PMWA, and NJWHL to pay tipped employees a reduced hourly wage, allowing a credit

against the minimum wage for tips which the employee receives.  The PMWA allows an

employer to pay tipped employees a reduced minimum wage of no less than forty

percent (40%) of the applicable statutory minimum wage (currently, $7.25 per hour).  In

Pennsylvania, the reduced minimum wage for tipped employees is $2.83 per hour.

56.     In New Jersey, the reduced minimum wage for tipped employees is $2.13 per hour.

57.     Pursuant to its common business policies and practices, defendants did not pay their employees the full minimum hourly wage, paying a reduced wage by either taking the "tip credit" provided for by the FLSA, PMWA, and NJWHL or by paying its employees "shift pay" of fifteen dollars for a shift, which typically lasted ten hours or longer.  While the rates paid to waitstaff varied somewhat from location to location, in none of the locations were waitstaff paid the statutory minimum wage of $7.25 per hour.

58.     The FLSA, PMWA, and NJWHL provide that in order to be eligible for a "tip credit," or "tip allowance," employers of tipped employees must allow employees to keep all the tips that they receive.

59.     Under the FLSA, PMWA, and NJWHL, employers are prohibited from sharing in the tips received by "tipped employees."

60.     The FLSA, PMWA, and NJWHL permit employees to participate in a "tip share" where tipped employees split their tips with other tipped employees.  The tip share is unlawful, however, where a non-tipped employee, such as an owner, receives a share of the tips.

61.     In particular, servers at Chickie's & Pete's each shift were required to pay to defendants in cash an amount equal to two percent (2%) to four percent (4%) of their total gross credit sales receipts (including food, beverages, tax, and tip).  The waitstaff sometimes referred to this required payment as the "Pete Tax."  The manager at each Chickie's & Pete's location would collect this money in cash from the waitstaff after each shift, and once a week someone from defendants' corporate office would pick up the collected cash.  If servers did not make enough in cash tips to cover the tip-out on

any given night, they were told by managers to "tap MAC," *i.e.*, withdraw the money from their personal bank account at an ATM.

62.     This tip-out scheme at Chickie's & Pete's was not voluntary or optional, and bartenders and waitstaff were told upon securing employment at Chickie's & Pete's that they must take part in these practices as a condition of their employment.

63.     In addition to the tip-out, Chickie's & Pete's requires its waitstaff to pay for the bills of "dine and dash" customers who walk out without paying their tab. Chickie's & Pete's also requires bartenders to make up the difference if their cash till is short at the end of the shift.

64.     Chickie's & Pete's also requires its staff to purchase Chickie's & Pete's tee shirts to be worn during their shifts, and deducts the amounts for this out of their first paychecks.  Waitstaff are also required to provide their own Shark vacuum cleaners, as the restaurant provides only brooms but does not allow its waitstaff to leave before the floors in their carpeted sections are clean.

65.     Because Chickie's & Pete's established an illegal tip-out scheme and took unlawful deductions from waitstaff's tips, it was not entitled to reduce the minimum wages of its bartenders and servers by applying the tip credit allowance that is otherwise available under the FLSA, PMWA, and NJWHL.

66.     In addition, the Philadelphia GPB provides that a gratuity is the sole property of the employee to whom it was paid and prohibits employers from deducting "any amount from wages due to an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due to the employee from the employer."  Phila. Code. at 9-614(2)(a).

67.     The GPB also prohibits an employer from taking a deduction from gratuities charged on a credit card for any credit card payment processing fees or costs. *Id*. at 9-614(2)(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

68.     Plaintiffs repeat and reallege paragraphs 1 through 67 as if fully set forth herein.

69.     At all relevant times, defendants have been employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

70.     At all relevant times, plaintiffs have been "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

71.     At all relevant times, defendants had the power to hire and fire plaintiffs and the FLSA Collective, control their terms and conditions of employment, and determine the rate and method of any compensation.

72.     Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

73.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

    a.  Defendants were required, but failed, to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    b.  Defendants unlawfully redistributed portions of the tips received by plaintiffs and the FLSA Collective to management in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations.

74.     Defendants were aware or should have been aware that the practices described in this Amended Complaint were unlawful and have not made a good faith

effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

75.     As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).  Because defendants' violations of the FLSA in this First Claim have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

76.     Plaintiffs repeat and reallege paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

78.     Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

79.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and the FLSA Collective overtime wages.

80.     Due to defendants' violations of the FLSA, plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

81.     Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

### THIRD CLAIM
**(Pennsylvania Minimum Wage Act – Unpaid Minimum Wage)**

82.     Plaintiffs repeat and reallege paragraphs 1 through 81 as if fully set forth herein.

83.     At all times relevant, defendants have been employers within the meaning of the PMWA, 43 P.S. § 333.103(g), and supporting Pennsylvania Department of Labor & Industry Regulations, and defendants have employed plaintiff and the Rule 23 Class members.

84.     At all times relevant, plaintiffs and the Rule 23 Class members have been employees within the meaning of the PMWA, 43 P.S. § 333.103(h).

85.     Defendants failed to pay plaintiffs and the Rule 23 Class the minimum wages to which they are entitled under the PMWA, in violation of PMWA Article 43, §§ 333.104(a) and supporting Pennsylvania Department of Labor & Industry Regulations.

86.     As a direct and proximate result of defendants' willful and unlawful violations of the PMWA, plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### FOURTH CLAIM
**(Pennsylvania Minimum Wage Act – Unpaid Overtime)**

87.     Plaintiffs repeat and reallege paragraphs 1 through 86 as if fully set forth herein.

88.     Under the PMWA Article 43, §§ 333.105(a)-(c), *et seq.*, and the supporting Pennsylvania Department of Labor Regulations & Industry regulations, defendants

were required to pay plaintiffs and the Rule 23 Class members one and one (1½) half times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

89.     Defendants have failed to pay plaintiffs and the Rule 23 Class members the overtime wages to which they were entitled under the PMWA.

90.     Defendants have willfully violated the PMWA by knowingly and intentionally failing to pay plaintiffs and the Rule 23 Class Members overtime wages.

91.     Due to defendants' willful violations of the PMWA, plaintiffs and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### FIFTH CLAIM
**(Pennsylvania Wage Payment & Collection Law – Unlawful Deductions)**

92.     Plaintiffs repeat and reallege paragraphs 1 through 91 as if fully set forth herein.

93.     At all relevant times, plaintiffs and the Rule 23 Class members have been employees and defendants have been employers within the meaning of the WPCL, 43 Pa. C.S. § 260.2a, and supporting Pennsylvania State Department of Labor & Industry Regulations, and at all times relevant, defendants employed plaintiffs and the Rule 23 Class.

94.     The WPCL and supporting regulations prohibit any employer or its agents, including managers, from making deductions from employees' wages except for those deductions specifically authorized by the regulations.

95.     Defendants unlawfully retained a portion of tips from their waitstaff in an amount equal to between two (2) and four (4) percent of their gross sales receipts, and

also took deductions from waitstaff's pay to cover customer walk-outs, cash shortages, and uniform costs.

96.     Defendants have willfully violated the WPCL by knowingly and intentionally misappropriating wages to which plaintiff and the Rule 23 Class members are entitled.

97.     As a result of defendants' willful violations of the WPCL, plaintiffs and the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**SIXTH CLAIM**
**(Philadelphia Gratuity Protection Bill – Unlawful Deductions)**

98.     Plaintiffs repeat and reallege paragraphs 1 through 97 as if fully set forth herein.

99.     At all relevant times, plaintiffs and the Rule 23 Class members who worked in the Packer Avenue, Robbins Avenue, Philadelphia International Airport, and Roosevelt Boulevard locations of Chickie's & Pete's have been employees and defendants have been employers within the meaning of the GPB, Philadelphia Code § 9-614, and at all times relevant, employed plaintiffs and the Rule 23 Class.

100.    The Gratuity Protection Bill prohibits employers from taking deductions from any gratuities paid by credit card for any credit card payment processing fees or other costs that may be charged by the credit card company.

101.    Defendants unlawfully retained a portion of tips from their waitstaff in an amount equal to between two (2) and four (4) percent of their gross sales receipts.

102.     As a result of defendants' willful violations, plaintiffs and the Rule 23 Class are entitled to recover their misappropriated tips, reasonable attorneys' fees and costs, exemplary damages, and pre-judgment and post-judgment interest.

## SEVENTH CLAIM
### (New Jersey State Wage and Hour Law – Unpaid Minimum Wage)

103.     Plaintiffs repeat and reallege paragraphs 1 through 102 as if fully set forth herein.

104.     At all relevant times, defendants have been employers within the meaning of the NJWHL and employed plaintiffs and the Rule 23 Class members.

105.     At all relevant times, plaintiffs and the Rule 23 Class members have been employees within the meaning of the NJWHL.

106.     Defendants failed to pay plaintiffs and the Rule 23 Class members the minimum wages to which they are entitled under the NJWHL.

107.     As a direct and proximate result of defendants' willful and unlawful violations of the NJWHL, plaintiffs and the members of the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## EIGHTH CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

108.     Plaintiffs repeat and reallege paragraphs 1 through 107 as if fully set forth herein.

109.     Under the NJWHL and supporting New Jersey State Department of Labor Regulations, defendants were required to pay plaintiffs and the Rule 23 Class members one and one (1½) half times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

110.    Defendants have failed to pay plaintiffs and the Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

111.    Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiffs and the Rule 23 Class members overtime wages.

112.    Due to defendants' willful violations of the NJWHL, plaintiffs and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## NINTH CLAIM
### (New Jersey Wage and Hour Law – Unlawful Deductions)

113.    Plaintiffs repeat and reallege paragraphs 1 through 112 as if fully set forth herein.

114.    At all times relevant, plaintiffs and the Rule 23 Class have been employees and defendants have been employers within the meaning of the NJWHL, and supporting New Jersey State Department of Labor & Industry Regulations, and at all times relevant, employed plaintiffs and the Rule 23 Class.

115.    The NJWHL and supporting regulations prohibit any employer or his agents, including managers, from making deductions from employees' wages except for those deductions specifically authorized by the regulations.

116.    Defendants unlawfully retained a portion of tips from their waitstaff in an amount equal to between two (2) and four (4) percent of their gross sales receipts, and also took deductions from waitstaff's pay to cover customer walk-outs, cash shortages, and uniform costs.

117.     Defendants have willfully violated the NJWHL by knowingly and intentionally misappropriating wages to which plaintiff and the Rule 23 Class are entitled.

118.     As a result of defendants' willful violations of the NJWHL, plaintiffs and the Rule 23 Class are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment as follows:

a.       an order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First and Second Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiffs' counsel as counsel for the FLSA Collective;

b.       designation of the named plaintiffs as representatives of the FLSA Collective;

c.       an order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for the class of employees described herein, certifying plaintiffs as the class representatives and designating plaintiffs' counsel as class counsel;

d.       to authorize the issuance of a notice at the earliest possible time to all tipped employees who were employed by defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this

action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

e.      to declare that defendants have violated the minimum wage provisions of the FLSA, PMWA, and NJWHL;

f.      to declare that defendants have violated the unlawful deductions provisions of the WPCL and GPB;

g.      to declare that defendants' violations of the FLSA were willful;

h.      to order defendants to disgorge and remit back the amount of the tips misappropriated from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

i.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum and overtime wages;

j.      to award plaintiffs and the Rule 23 Class damages for all unauthorized deductions under the WPCL and the GBP;

k.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA, PMWA, WPCL, and NJWHL;

l.      to award plaintiffs and the Rule 23 Class exemplary damages under the Gratuity Protection Bill;

m.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class prejudgment and post-judgment interest;

n.      to award plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA, PMWA, WPCL, NJWHL, and the GPB; and

o.      award such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated:   January 10, 2013

BERKE-WEISS & PECHMAN LLP


By:      s/Louis Pechman
         Louis Pechman (*pro hac vice*)
         Jessica N. Tischler (*pro hac vice*)
         488 Madison Avenue - 11th Floor
         New York, New York 10022
         (212) 583-9500
         pechman@bwp-law.com

LAW OFFICES OF MITCHELL SCHLEY, LLC


By:      s/Mitchell Schley
         Mitchell Schley
         Two Tower Center Blvd., 8th Floor
         East Brunswick, NJ 08816
         (732) 325-0318
         mschley@schleylaw.com

*Attorneys for Plaintiffs*