# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVNIA

—————————————————————
                                    :

IN RE CHICKIE'S & PETE'S WAGE AND   :      Master File No. 12-CV-06820
HOUR LITIGATION                           :

                                      :
—————————————————————:

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
## TO STAY PROCEEDINGS PENDING CONCLUSION OF
## THE DEPARTMENT OF LABOR'S WAGE AND HOUR AUDIT

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................. 2

II.    RELEVANT FACTS ............................................................................................. 4

III.   ARGUMENT ...................................................................................................... 6

       A.    This Court Should Not Stay The Consolidated Action ............................................ 6

             1.    An Indefinite Stay Will Cause Substantial and Irreparable Harm
                   and Prejudice to the Class Members ................................................................ 6

             2.    The Consolidated Action Will Proceed Regardless of How the DOL
                   Concludes Its Investigation ............................................................................ 8

             3.    Defendants Have Not Produced Any Specific Information Regarding
                   the DOL's Investigation So As to Justify Staying This Action ...................... 9

             4.    Defendants Will Suffer No Hardship Here .................................................. 12

             5.    Since This Case Falls Within the Ordinary Experience and Competence
                   of the Court, the Primary Jurisdiction Doctrine Does Not Apply or Justify
                   Imposing a Stay .......................................................................................... 13

IV.    CONCLUSION .................................................................................................. 14

On March 29, 2013, Defendants in this Consolidated Action moved the Court to impose an indefinite stay of the above-captioned proceedings, pending an unspecified investigation by the U.S. Department of Labor's Wage and Hour Division ("DOL").[1]  For the reasons discussed below, Defendants' motion should be denied.[2]

I.     **INTRODUCTION**

Defendants seek the extraordinary remedy of imposing an indefinite stay of the Consolidated Action, based upon an unspecified investigation by the DOL.  Indeed, as set forth in detail herein, Defendants' motion can be seen as nothing more than a bald attempt to unnecessarily delay these proceedings and extinguish potential claims from the putative class.  Given the facts of this case, and under relevant law, a stay should not be imposed here.

As a preliminary matter, in this action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.*, ("FLSA"), the statute of limitations continues to run against all potential class members until they opt into the case.  29 U.S.C. 216(b); 29 U.S.C. 255(a).  Thus, each day that a stay is in effect is a day for which putative class members will be precluded from recovering from Defendants for their injuries suffered due to Defendants' illegal policies and practices.  A stay of indefinite duration – which is precisely what Defendants seek – will inflict substantial harm here.  Defendants' motion should be denied for this reason alone.

More importantly, regardless of how the DOL's investigation concludes, the Consolidated Action will proceed, as not all of the claims asserted in the Consolidated Action will be extinguished by whatever course of action the DOL takes.  Specifically, the DOL is not pursuing

---

[1]  Defendants are Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010 Inc., Chickie's and Pete's, Inc., Peter Ciarrocchi, Jr., and Wright Food Services, LLC ("Defendants").

[2]  Defendants' Memorandum of Law is referenced herein as "Def. Br.."

the state law claims asserted by Plaintiffs in the Consolidated Complaint, some of which carry longer statute of limitations periods. By way of example, Plaintiffs allege a cause of action pursuant to New Jersey's Wage Payment Law, which encompasses a 6 year statute of limitations. Plaintiffs also assert a claim for unjust enrichment on behalf of a class of Pennsylvania employees of Chickie's and Pete's which carries a 4 year limitation period. Further, Plaintiffs' claims under the Pennsylvania Minimum Wage Act carry an automatic 3 year statute of limitations, as compared to the 2 year (3 year if willful) limitation period for FLSA claims. Since the DOL will not provide complete recovery to the class, and since this action will proceed regardless of the DOL's outcome, there is no reason to stay this action predicated on an undefined DOL investigation.

Further, Defendants' entire motion is based upon a single November 28, 2012 letter by the DOL, whereby it requested documents from Defendants, which Defendants initially refused to produce. (See Ex. A to Defendants' Brief). Importantly, the DOL has not filed any formal complaint against Defendants, and there is no evidence in the record that it intends to do so. Aside from this one letter, Defendants offer only unsupported speculation as to the nature and scope of the DOL's action, the time-line for the DOL to conclude its investigation, and the type of relief that it will provide to employees of Chickie's and Pete's. (Def. Br. pp. 2, 4, 7-9, 12). The Consolidated Action cannot be stayed based upon such thin "evidence" and speculation. Indeed, the Federal Rules countenance against such gamesmanship. *See* Fed. R. Civ. P. 1 (stating that the Rules of Civil Procedure should be administered to secure the "speedy" resolution of every action).

Moreover, for supporting authority, Defendants do not cite a single FLSA case where a stay was entered while the statute of limitations continued to run against the class members' claims. Instead, Defendants cite cases to support their motion that are easily distinguished from the present action. (Def. Br. p. 7 n. 2). Notably, in two of the cases cited by Defendants, all parties had <u>agreed</u>

3

to a stay,[3] and in the third, the court <u>refused to delay</u> ruling on a preliminary injunction pending a determination by the DOL, stating that the plaintiffs should not be harmed pending the DOL's review.[4] The complete lack of any controlling authority underscores the extreme weakness of Defendants' motion here.

Additionally, there is no hardship to Defendants in the absence of a stay. Defendants do not point to any loss of legal rights or damages per se if the stay is not granted. They simply say that they do not wish to defend this suit. But courts do not recognize the need to defend a civil action as a "hardship," justifying a stay. In any event, this imagined "hardship" is clearly outweighed by the severe and imminent prejudice and harm to the class if Defendants' requested stay is imposed.

Lastly, the Primary Jurisdiction doctrine has no application here since there are no technical issues that must be resolved by the DOL in order for Plaintiffs to prosecute their claims, and since cases of this type are well within the experience and competence of the courts. Many courts have so held, and have refused to invoke this doctrine to stay a case under such circumstances.

For such reasons, as fully discussed below, Defendants' motion should be denied in its entirety.

## II.   <u>RELEVANT FACTS</u>

On December 6, 2012, the first of four class and collective actions against Defendants was filed – *LaPlante, et al. v Wright Food Services, LLC, et al.*, No. 12-cv-06820. The LaPlante Litigation was filed as a class action pursuant to Federal Rule of Civil Procedure 23, and a collective action pursuant to the Fair Labor Standards Act, 28 U.S.C. §216(b). On December 14,

---

[3]  *Yoshiko v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483 at *47 (N.D. Cal. Dec. 22, 2011); *Wilcox v. Alternative Entertainment, Inc.*, 2010 U.S. Dist. LEXIS 17533 at **3-4 (W.D. Wis. Feb. 26, 2010).

[4]  *Int'l Org. of Masters v. Nat'l Park Service*, 2006 U.S. Dist. LEXIS 37329 at **20-22 (N.D. Cal. May 26, 2006).

2012, plaintiffs Bryan Tygh and Amanda Lynch also filed a class and collective action complaint against Defendants in a matter captioned *Tygh et al. v. Packer Café, Inc., et al.*, No. 12-cv-07008. On January 16, 2013, a third class and collective action was filed – *Kocher et al. v. Chickie's & Pete's Inc.*, No. 13-cv-00277.  Finally, a fourth class and collective action complaint was filed on February 27, 2013, captioned *Overline v. Chickie's and Pete's Inc., et al.*, No. 13-cv-01037.  All actions were pending before this Court.

Once the four actions were filed, the parties reached agreement on the terms of a pretrial order.  Defendants agreed to all terms, signed the Stipulation and Pretrial Order No. 1, and filed it with the Court on March 22, 2013.[5]  The Stipulation expressly provides, <u>inter alia</u>, that the four actions shall be consolidated into one Consolidated Action, that plaintiffs shall file a consolidated complaint within fourteen days of entry of the Order by the Court, and that Defendants shall have thirty days thereafter to answer, move, or otherwise plead.

This Court entered the Stipulation and Pretrial Order No. 1 on March 28.  Upon entry of that Order, Plaintiffs had to file their Consolidated Complaint by April 11, 2013, which they have done, and Defendants' answer, motion or other responsive pleading is due on May 13, 2013.

In a disingenuous legal maneuver, just one day after entry of the March 28 Stipulated Order, on March 29 Defendants moved to stay the Consolidated Action in its entirety, citing an unspecified investigation by the DOL of which they have been aware for at least four months.

---

[5] Plaintiffs in the *Tygh* action filed a proposed pretrial order on March 8, and plaintiffs' counsel in all four actions filed another pretrial order on March 15.  The Stipulation agreed to by all parties, and filed on March 22, replaced these two prior filings.

III.   **ARGUMENT**

    A.   **This Court Should Not Stay The Consolidated Action**

        The Court has the inherent power to control its own docket, and decisions to stay a case are left to the Court's broad discretion. *See Infinity Computer Prods. v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 179733 at *21 (E.D. Pa. Nov. 16, 2012).  Nevertheless, "The stay of a civil case is an 'extraordinary remedy appropriate for extraordinary circumstances.'" *In re Blood Reagents Antitrust Litigation*, 756 F. Supp 2d 623, 635 (E.D. Pa. 2010).

        In determining whether to stay proceedings, a critical factor that the Court must consider is whether the proposed stay would prejudice the non-moving party.  The Court should also consider whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and whether granting the stay would further the interests of judicial economy. *See Rhodes v. Independence Blue Cross,* 2012 U.S. Dist. LEXIS 17129 at *9 (E.D. Pa. 2012).  Applying these factors here, there is no question that Defendants have not met their burden, and accordingly a stay should not be imposed.

        1.   **An Indefinite Stay Will Cause Substantial and Irreparable Harm and Prejudice to the Class Members**

        The U.S. Supreme Court has cautioned that "if there is even a fair possibility that the stay…will work damage to someone else," a stay is inappropriate absent "a clear case of hardship or inequity in being required to go forward." *Landis v. American Water Works & Electric Co.*, 299 U.S. 248, at 255 (1936).  In their motion, Defendants incredulously and baldy assert there will be no prejudice if a stay is in place.  (Def. Br. pp. 2, 7).  However, this assertion is belied by the facts.

        Indeed, despite Defendants' unsubstantiated speculation (Def. Br. p. 8), there is no telling how long the DOL's investigation may take – it could take many months, if not years.  If an indefinite stay is imposed – which is exactly what Defendants' motion seeks – virtually each and

every class member (the tipped employees at all Chickie's & Pete's locations) will be prejudiced and suffer irreparable harm. As Defendants are fully aware, in collective actions brought under the FLSA, the statute of limitations continues to run against all potential class members until they opt into the case. 29 U.S.C. 216(b); 29 U.S.C. §255(a). Unlike a class action filed under Rule 23 of the Federal Rules of Civil Procedure, in which the statute of limitations for the putative class is tolled upon the filing of the complaint, claims under the FLSA continue to run until the plaintiff files a written consent with the Court. See 29 U.S.C. §255(b); *Tichenell v. Apria Healthcare, Inc.*, 2011 U.S. Dist. LEXIS 129475, at *21 (E.D. Pa. Nov. 8, 2011) ("For an opt-in plaintiff, the statute of limitations is tolled only when that individual plaintiff files written consent.") (citing *Symczyk v Genesis Healthcare Corp.*, 656 F.3d 189, 200 (3d Cir. 2011)). *See also Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991), *aff'd*, 977 F.2d 569 (3d Cir. 1992) ("the statutory language makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed."). Thus, it is imperative that Plaintiffs promptly move forward with this litigation and seek court authorized notice pursuant to 29 U.S.C. 216(b) so as to allow Plaintiffs to inform class members of this litigation and their rights, and provide them with an opportunity to join the case in order to avoid having their rights lost forever.[6]

Accordingly, if Defendants' motion for an indefinite stay is granted, the statute of limitations will continue to run against all potential class members who never learned of this action and their right to opt in. **Each day that the stay is in effect will literally cost each class member another day for which they will never recover damages for Defendants' illegal employment practices.** Without knowing how or when the DOL investigation will be concluded, the class

---

[6] Under the FLSA, an employee may recover up to two years (or 3 years if willful) of unpaid wages. The statute of limitations runs backwards from the date on which the employee files his consent to sue his employer in court. 29 U.S.C. §255(a); 29 U.S.C. §216(b).

would suffer substantial damages here.  Defendants' assertion that there will be no prejudice should a stay be put in place is demonstrably false.

For this reason alone, Defendants' motion should be denied.

### 2. The Consolidated Action Will Proceed Regardless of How the DOL Concludes Its Investigation

As noted above, regardless of how the DOL's investigation concludes, it clearly will not encompass Plaintiffs' state law claims asserted in the Consolidated Complaint.  The DOL's letter, attached to Defendants' brief as Exhibit A, explicitly states that the DOL is proceeding under federal law.  Thus, regardless of how the DOL proceeds with their investigation – that is, if they proceed with any investigation - under any possible scenario, the Consolidated Action will proceed.

More specifically, the Consolidated Complaint contains a Pennsylvania common law claim for unjust enrichment, alleging that Defendants willfully denied all tipped employees their full share of gratuities.  This claim has a statute of limitations of 4 years, allowing class members to recover 4 years of unpaid wages,[7] in contrast to the 2 year (or 3 year if willful) statute of limitations applicable to the FLSA claims.  Also, the Pennsylvania wage claims have an automatic 3 year limitation period (43 P.S. §260.9a(g)), whereas the FLSA requires a showing of willfulness in order for the 3 year limitation period to apply.  29 U.S.C. §255(a).  Moreover, the Consolidated Complaint also includes a cause of action pursuant to New Jersey's Wage Payment Law, which encompasses a 6 year statute of limitations.  See *Bouder v. Prudential Financial Inc.*, 2009 U.S. Dist. LEXIS 112442 at *42 (D.N.J. Dec. 2, 2009).

Since the DOL is only proceeding under the FLSA, and is not pursuing any state law claims with the longer statutes of limitations, it is impossible that the DOL's action will moot Plaintiffs' claims here.  In other words, **the DOL will never provide full recovery for the class members**

---

[7] *See* 42 Pa. C.S. §5525(a)(4); *Sevast v. Kakouras*, 915 A.2d 1147 (Pa. 2007).

**covered by this Consolidated Action,** belying Defendants' assertion that the "DOL's audit is likely to provide complete relief" to the class.  (Def. Br. p. 2).  In fact, at this point in time, Defendants cannot even assert that the DOL's audit will provide any relief.

Accordingly, there is no reason this Court should stay the present action given that Defendants cannot show that the DOL will provide complete recovery to the class, and given that this action will proceed regardless of the how the DOL proceeds – assuming the DOL does proceed.

### 3.    Defendants Have Not Produced Any Specific Information Regarding the DOL's Investigation So As to Justify Staying This Action

Defendants have failed to provide this Court with any facts sufficient to justify a stay in this matter – let alone an indefinite stay.  Indeed, Defendants' entire motion is based upon very thin "evidence" regarding the DOL's actions up to this point – i.e., one single letter whereby the DOL requested certain documents from Defendants, which Defendants initially refused to produce.  (See Ex. A to Defendants' brief).  Defendants' sole reliance on the November 28 DOL letter, and on the speculative nature, time-line, and resolution of the DOL's actions, simply do not justify imposing an indefinite stay of this Consolidated Action.[8]

Specifically, there is no evidence in the record that the DOL has filed a formal complaint against these Defendants, or that it even intends to file a formal complaint that may encompass some of Plaintiffs' claims.  Silent as to whether any formal action has or will be brought, the DOL letter simply indicates that one DOL investigator has been assigned to investigate Defendants.  The letter also states that the DOL has verbally requested certain documents from Defendants on November 28, and that Defendants "have failed to provide them."   (Def. Br., Ex. A).

---

[8]  In addition, the Consolidated Action will not in any way impede the DOL's investigation or otherwise usurp its authority.

Other than that scant information, Defendants have not produced any "evidence" of what precise actions the DOL is taking.  For example, other than Defendants' unsubstantiated assertions, there is no evidence in the record regarding: (i) the precise nature and scope of the DOL's investigation; (ii) the real time-line involved for the DOL's investigation (with Defendants offering no support for the assertion that the DOL will conclude in a "few months" (Def. Br. p. 8)); (iii) whether or not Defendants are cooperating with the DOL; (iv) the precise nature, scope, or type of relief the DOL is seeking; (v) whether any relief will be afforded to harmed employees as a result of the DOL's efforts; or (vi) whether, when, and how the DOL will conclude its investigation.

Simply stated, this action cannot be stayed based upon the DOL's one lone request for documents upon Defendants, and Defendants' speculation regarding the nature and timing of the DOL's activities.

Moreover, damaged persons are not required to abrogate or delay adjudicating their rights every time there is some governmental activity directed toward the same defendants.  There are numerous cases where the courts have denied a stay of private litigation in the face of some related governmental or other action against the same defendants – particularly where, as here, a stay will serve to prejudice plaintiffs.  *See, e.g.*, *Ciolli v. Iravan*, 2008 U.S. Dist. LEXIS 74514 at **8-10 (E.D. Pa. Sept. 24, 2008) (defendants' motion to stay action pending another related case was denied where a stay would prejudice plaintiffs by delaying their recovery, the burden of defendants in having to defend against suit did not outweigh prejudice to plaintiffs, and the duration of the stay was indefinite); *In re Blood Reagents Antitrust Litigation*, 756 F. Supp. 2d 623, 635 (E.D. Pa. 2010) (Court denied defendants' motion to stay civil case pending parallel criminal investigation

where investigation was in its early stages, no formal criminal proceeding had been initiated, the proposed stay was of indefinite duration, and there was great prejudice to plaintiffs).[9]

Further supporting denial of their motion, the cases cited by Defendants are distinguishable and provide no justification for a stay in this case.  (Def. Br. p. 7 n. 2).  By way of example, in *Yoshiko v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483 at *47 (N.D. Cal. Dec. 22, 2011), <u>all parties had agreed to a stay of the action</u>, in a non-FLSA case that did not involve the

_____

[9] *See also Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 726 (E.D. La. 2008) (noting that the court had declined to grant defendants' motion to stay the case pending discussions with the Department of Labor); *Chaplin v. Consolidated Edison Co.*, 482 F. Supp. 1165, 1174 at *24-26 (S.D.N.Y. 1980) (declining to grant stay on grounds of failure to exhaust administrative remedies or primary jurisdiction where, among other thing, defendant refused to cooperate with the Department of Labor. "Because the individual complainants cannot assure themselves that the administrative process will reach a decision on their complaints within a reasonable time, it makes little sense to require exhaustion."). *Id.* at *24-25 (*quoting Cannon v. University of Chicago*, 441 U.S. 677, 698, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979)); *Pantoja v. Zengel*, 2011 U.S. Dist. LEXIS 154845, at *10-14 (S.D. Fla. May 31, 2011) (declining to apply the primary jurisdiction doctrine, noting that "there [was] no record evidence to indicate that any DOL audit [was] geared towards providing [p]laintiff with a forum to present his claims and/or with a full administrative hearing."); *Parniani v. Cardinal Health, Inc.*, 2007 U.S. Dist. LEXIS 58377, at *12 (D. Minn. June 29, 2007) (in a case concerning the denial of unemployment and workers' compensation benefits, the court declined to stay the action noting that "abstention is disfavored, and a federal court is ordinarily expected to decide the matters before it" and that "the legal issues [did] do not require inquiry into complex administrative law, nor [did] they require specialized expertise."); *United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 340, 355-57 (S.D.N.Y. 2004) (declining to grant a stay for referral of issues to the FCC where (1) the issues presented were "neither technical nor dissimilar from matters routinely addressed by courts"; (2) the issues did not implicate policy considerations but, rather, "impact[ed] primarily, if not exclusively, the parties to the particular dispute"; (3) the danger of inconsistent rulings was slight; and (4) a stay could cause plaintiff significant delay); *Alfred v. Okeelanta Corp.*, 1989 U.S. Dist. LEXIS 19156, at *4-5 (S.D. Fla. Nov. 9, 1989) (denying defendant's motion to stay, noting that "[t]he doctrine of primary jurisdiction is inapplicable when plaintiffs allege a violation of applicable regulations and do not challenge the reasonableness with which those regulations were promulgated. In the latter scenario, an agency entrusted with administering the act would have special expertise in determining what would be reasonable regulations to administer the act.  On the other hand, allegations that the act has been violated must be interpreted by the courts."  The court also noted that plaintiffs' industry was "not overly technical, nor d[id] it demand uniform practices on an industry-wide basis."); *Brady v. NFL*, 779 F. Supp. 2d 992, 1014 (D. Minn. 2011) (declining to grant a stay, noting that "staying [a] case while [an] agency addresses or resolves [a] particular issue within its expertise usually entails substantial delay" and that only "rare case[s] require[e] expert consideration and uniformity of resolution.") (internal quotation omitted).

same issue of harm and prejudice that exists here.  Likewise, in *Wilcox v. Alternative Entertainment, Inc.*, 2010 U.S. Dist. LEXIS 17533 at **3-4 (W.D. Wis. Feb. 26, 2010), the court simply noted a ruling by another court in a second related FLSA action staying that action pursuant to a stipulation by all parties, which also tolled the statute of limitations.  Finally, in *Int'l Org. of Masters v. Nat'l Park Service*, 2006 U.S. Dist. LEXIS 37329 at **20-22 (N.D. Cal. May 26, 2006), the court refused to defer ruling on a preliminary injunction pending a legal determination by the DOL, stating that the plaintiffs should not have to suffer harm while waiting for completion of the DOL's review.  While citing these distinguishable cases, **Defendants have not cited a single FLSA case where a stay was entered while the statute of limitations continued to run against the class members' claims**.

Accordingly, these cases do not support Defendants' motion, nor justify the imposition of a stay in the present matter.  In fact, these cases only serve to highlight the weaknesses of Defendants' position.

### 4.    Defendants Will Suffer No Hardship Here

Plaintiffs have unquestionably shown that the putative class and collective members will suffer irreparable harm if the stay is imposed.  Defendants, however, have not put forth any evidence showing they will suffer any hardship if it is not imposed.  Defendants do not claim that they will lose any legal rights or incur any damages per se in the absence of a stay.  Rather, they simply say that they do not wish to defend this suit.

If Defendants' motion is denied, Defendants will be required to answer or respond to the Consolidated Complaint by May 13, as they have agreed to do in the Stipulated Pretrial Order.  There is no undue hardship in doing so.  Moreover, while Defendants recite the general tasks of litigation (Def. Br. p. 9), the fact that Defendants must continue to litigate the case, without more, is insufficient to establish "hardship" as a matter of law.  *See Infinity Computer Prods. v. Brother*

12

*Int'l Comp.*, 2012 U.S. Dist. LEXIS 179733 at *22 (E.D. Pa. Nov. 16, 2012) (defendants' motion to stay denied where it "fails to allege any hardship that [defendant] faces beyond those typical to civil defendants who are disgruntled by the claims against them."). In any event, Defendants' purported "hardship" does not outweigh the substantial prejudice and harm that will be inflicted upon potential class members if the stay is imposed.

### 5. Since This Case Falls Within the Ordinary Experience and Competence of the Court, the Primary Jurisdiction Doctrine Does Not Apply or Justify Imposing a Stay

In a desperate attempt to camouflage the flaws in their argument, Defendants also rely upon the Primary Jurisdiction doctrine to support their motion. (Def. Br. pp. 10-13). That doctrine typically comes into play when enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body. *See United States v Western Pac. R.R. Co.*, 352 U.S. 59 (1956). The cases cited by Defendants generally hold that cases may be statutorily referred to regulatory agencies who have expertise to resolve certain technical issues that fall beyond the court's ordinary competence and experience. (Def. Br. pp. 11-12). *See MCI Communications Corp. v. Am. Tel. & Tel. Co.*, 496 F.2d 214, 220-221, 223 (3d Cir. 1974) (under the primary jurisdiction doctrine, the case should be deferred to FCC to resolve technical questions falling within its expertise and not within ordinary experience of judiciary).[10]

---

[10] See also *Drennon v. Philadelphia General Hosp.*, 428 F. Supp. 809 (E.D. Pa. 1977) (under plaintiffs' statutory claim, he needed to exhaust administrative remedies; court noting that a construction of the statute by regulatory agency would be helpful); *United States v. Dan Caputo Co.*, 152 F.3d 1060 (9th Cir. 1998) (court stayed False Claims Act action where applicable regulations set forth procedures for agency resolution of technical issues). Defendants also cite *San Antonio Metro Transit Auth. v. McLaughlin*, 876 F.2d 441, 445 (5th Cir. 1989) (court denied attorneys' fees to appellant employee who intervened in Secretary of Labor's action for injunctive relief). While the court noted that an employee's action should be stayed upon the filing of a complaint by the Secretary under section 217 of FLSA, no such complaint has been filed in the present case.

This doctrine is not applicable here and does not justify staying this action.  There are no technical issues that must be resolved by the DOL in order for Plaintiffs to prosecute their claims. Moreover, private FLSA actions are well within the Court's ordinary experience and competence to allow for adjudication before the judiciary.[11]  Importantly, the FLSA itself authorizes aggrieved employees to prosecute their rights privately.  "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  *See* 29 U.S.C. § 216(b).  Accordingly, there can be no claim that somehow the DOL has exclusive jurisdiction over Plaintiffs' wage claims.  Moreover, the Primary Jurisdiction doctrine does not override the standard factors that courts are to consider when deciding whether to issue a stay, including whether plaintiffs will be substantially prejudiced.  Indeed, under such circumstances, many courts have refused to stay civil actions despite defendants' invocation of the Primary Jurisdiction doctrine. *See, e.g.*, Fn. 9 supra.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants' motion to stay all proceedings should be denied in its entirety.

---

[11]  A simple search on www.lexisnexis.com reveals hundreds of FLSA cases brought before this Court.

14

Dated: April 12, 2013                    Respectfully submitted,


BERGER & MONTAGUE, P.C.                  BERKE-WEISS & PECHMAN LLP


By: ___/s/ Sherrie R. Savett_____      By: ___/s/Louis Pechman_____
      Sherrie R. Savett                      Louis Pechman
      Michael T. Fantini                     Jessica N. Tischler
      1622 Locust Street                     488 Madison Avenue, 11th Floor
      Philadelphia, PA 19103                 New York, NY 10022
      (215) 875-3000                         (212) 583-9500


FARUQI & FARUQI, LLP


By: ___/s/Gerald D. Wells, III_____
      Gerald D. Wells, III
      Robert J. Gray
      101 Greenwood Avenue, Suite 600
      Jenkintown, PA 19046
      (215) 277-5770


O'BRIEN, BELLAND & BUSHINSKI, LLC


By: ___/s/Robert F. O'Brien_____
      Robert F. O'Brien
      David F. Watkins, Jr.
      1526 Berlin Road
      Cherry Hill, NJ 08003
      (856) 795-2181


                                        Court-Appointed Executive Committee
                                        Representing All Plaintiffs in Consolidated Action

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2013, I caused to be electronically filed Plaintiffs' Opposition to Defendants' Motion to Stay Proceedings Pending Conclusion of The Department of Labor's Wage and Hour Audit, along with a proposed Order, with the Clerk of the Court via CM/ECF.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing systems.  Parties may access the filing through the Court's CM/ECF System.


_____/s/ Michael T. Fantini_____

Kal5778127

16