IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| IN RE CHICKIE'S & PETE'S WAGE AND HOUR LITIGATION | : : : : : | Master File No. 12-CV-06820 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR EXTENSION OF TIME TO ANSWER, MOVE, OR
OTHERWISE PLEAD IN RESPONSE TO PLAINTIFFS'
CONSOLIDATED COMPLAINT PENDING DECISION
ON DEFENDANTS' MOTION TO STAY**

On May 13, 2013, Defendants in this Consolidated Action moved the Court to extend the time for Defendants to answer or respond to Plaintiffs' Consolidated Complaint, filed on April 11. For the reasons discussed below, Defendants' motion should be denied.[1]

## INTRODUCTION

Defendants' Motion is simply another attempt to unnecessarily delay the litigation of this case. First, on March 29, Defendants moved for an indefinite stay of this case pending an investigation by the U.S. Department of Labor ("DOL"), that, no matter how resolved, will <u>not</u> fully resolve the claims asserted in this suit. And now, on May 13 – the day their response to Plaintiffs' Complaint was due – Defendants seek an indefinite extension of time to respond to the Complaint pending the Court's ruling on the motion to stay. Through these actions, Defendants are clearly trying to escape from the initial case schedule contained in the Stipulation and Pretrial Order No. 1 that this Court entered on March 28 and that Defendants agreed to while having full knowledge of the DOL's investigation. Such tactics and delay should not be allowed. Defendants should be required to respond to the Complaint, and this case should move forward.

---

[1] Defendants are Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010 Inc., Chickie's and Pete's, Inc., Peter Ciarrocchi, Jr., and Wright Food Services, LLC ("Defendants").

## **ARGUMENT**

The first of four class and collective actions against Defendants was filed on December 6, 2012. Three more related actions were filed between December 14, 2012 and February 27, 2013.[2]

Once the four actions were filed, the parties reached agreement on the terms of a pretrial order. Defendants agreed to all terms, signed the Stipulation and Pretrial Order No. 1, and filed it with the Court on March 22, 2013. As the parties agreed, the Stipulation expressly provides, inter alia: that the four actions shall be consolidated into one Consolidated Action, that Plaintiffs shall file a consolidated complaint within fourteen days of entry of the Order by the Court, and that Defendants shall have thirty days thereafter to answer, move, or otherwise plead. **Significantly, Defendants were fully aware of the DOL's investigation when they agreed to these deadlines.**[3]

This Court entered the Stipulation and Pretrial Order No. 1 on March 28. Upon entry of that Order, Plaintiffs had to file their Consolidated Complaint by April 11, 2013, which we have done, and Defendants' answer, motion or other responsive pleading was due on May 13, 2013.

In a disingenuous legal maneuver, <u>just one day after the Stipulated Order was entered – which contained the schedule that Defendants had just agreed to – Defendants moved for an indefinite stay of the Consolidated Action in its entirety</u>, citing an investigation by the DOL.

---

[2] On December 6, 2012, *LaPlante, et al. v Wright Food Services, LLC, et al.*, No. 12-cv-06820 was filed. The LaPlante Litigation was filed as a class action pursuant to Federal Rule of Civil Procedure 23, and a collective action pursuant to the Fair Labor Standards Act, 28 U.S.C. §216(b). On December 14, 2012, plaintiffs Bryan Tygh and Amanda Lynch also filed a class and collective action complaint against Defendants in a matter captioned *Tygh et al. v. Packer Café, Inc., et al.*, No. 12-cv-07008. On January 16, 2013, a third class and collective action was filed – *Kocher et al. v. Chickie's & Pete's Inc.*, No. 13-cv-00277. Finally, a fourth class and collective action complaint was filed on February 27, 2013, captioned *Overline v. Chickie's and Pete's Inc., et al.*, No. 13-cv-01037. All actions were pending before this Court.

[3] According to Defendants' prior motion to stay, the DOL's investigation began on November 28, 2012.

In their motion to stay, Defendants falsely asserted that (i) there would be no harm or prejudice to the class if the stay was imposed, and (ii) the DOL's investigation may fully resolve the Class' claims. Contrary to the first assertion, a stay of indefinite duration would inflict substantial harm upon the Class, since the statute of limitations on a Fair Labor Standards Act claim continues to run against each and every Class member until they opt into the case. 28 U.S.C. 216(b); 29 U.S.C. 255(a).[4] Thus, each day that a stay is in effect is a day for which putative class members would be precluded from recovering from Defendants for their injuries suffered due to Defendants' illegal policies and practices. And contrary to Defendants' second assertion, regardless of how the DOL's investigation concludes, the Consolidated Action will proceed since the DOL's action does not encompass all of the claims asserted in the Consolidated Action. Specifically, the DOL is not pursuing the state law claims asserted by Plaintiffs in the Consolidated Complaint, some of which carry longer statute of limitations periods.[5] Since the DOL will not provide complete recovery to the Class, and since this action will proceed regardless of the DOL's outcome, there is no reason to stay this action predicated on an undefined DOL investigation. *See* Plaintiffs' Opposition to Defendants' Motion to Stay Proceedings, filed on April 12, for a fuller discussion of these issues.[6]

---

[4] *See Tichenell v. Apria Healthcare, Inc.,* 2011 U.S. Dist. LEXIS 129475 at *21 (E.D. Pa. Nov. 8, 2011).

[5] By way of example, Plaintiffs allege a cause of action pursuant to New Jersey's Wage Payment Law, which encompasses a 6 year statute of limitations. Plaintiffs also assert a claim for unjust enrichment on behalf of a class of Pennsylvania employees of Chickie's and Pete's which carries a 4 year limitation period. Further, Plaintiffs' claims under the Pennsylvania Minimum Wage Act carry an automatic 3 year statute of limitations, as compared to the 2 year (3 year if willful) limitation period for FLSA claims.

[6] In their motion to stay, Defendants failed to provide any specifics regarding the DOL's investigation, other than attaching a single letter whereby the DOL requested documents from Defendants and Defendants refused to produce them. Defendants also failed to cite to any case law

In any event, Defendants now rely on their pending motion to stay to move for an extension of indefinite duration to respond to Plaintiffs' Consolidated Complaint. To further drag this case along, Defendants intentionally waited until May 13 – the day their response to the Complaint was due, ---to move for more time.

In their brief, without providing any basis, Defendants assert that this Court will likely rule soon on their motion to stay. (Def. Br. p. 1).[7] Defendants also repeat the false assertion that the DOL investigation may obviate the need for them to respond to the Complaint at all. (Def. Br. p. 2). Again, this is not true as this case will proceed on the state law claims with longer statute of limitation periods regardless of how the DOL action concludes.

Defendants' repeated delay and legal maneuvering should not be upheld. More than 5 months have passed since Plaintiffs' initial complaint was filed in December 2012, and Plaintiffs are entitled to Defendants' answer or response here. *See* Fed. R. Civ. P. 1 – stating that the Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Indeed, "One of the basic purposes of the Rules of Federal Procedure is to secure the 'speedy' determination of pending litigation…Calendar control by the Courts and the setting of fixed dates for the various steps to be taken in the course of litigation are among the means by which it is sought to eliminate delay…these dates fixed by law, rule, or court order mean something. They are not mere formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-

---

where a stay was entered while the statute of limitations continued to run against the class members' claims.

[7] Defendants' motion for an extension is predicated on their assumption that the Court will grant their motion for a stay. But if this Court denies that stay, as Plaintiffs argued it should, then Defendants' failure to answer the Complaint and their present motion amount to an unwarranted extension of time in this case.

5

veiled species of disrespect or contempt for the Court." *Canup v. Mississippi Valley Barge Line Company*, 31 F.R.D. 282, 283 (W.D. Pa. 1962).

Defendants should have to file their response to the Consolidated Complaint now, as they have previously agreed to do, and as this Court has so ordered in the Stipulation and Pretrial Order No. 1.

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion for Extension of Time should be denied in its entirety. Defendants should be ordered to answer or respond to Plaintiffs' Complaint within seven (7) days of this Court's order denying their motion.

Dated:  May 15, 2013                                  Respectfully submitted

                                                                                      BERGER & MONTAGUE, P.C.

                                                                                      By:   /s/ Sherrie R. Savett
                                                                                           Sherrie R. Savett
                                                                                           Michael T. Fantini
                                                                                           1622 Locust Street
                                                                                           Philadelphia, PA   19103
                                                                                           (215) 875-3000

                                                                                 BERKE-WEISS & PECHMAN LLP

                                                                                 By:   /s/Louis Pechman
                                                                                           Louis Pechman
                                                                                           Jessica N. Tischler
                                                                                           488 Madison Avenue, 11th Floor
                                                                                           New York, NY   10022
                                                                                           (212) 583-9500

FARUQI & FARUQI, LLP


By: /s/Gerald D. Wells, III
    Gerald D. Wells, III
    Robert J. Gray
    101 Greenwood Avenue, Suite 600
    Jenkintown, PA 19046
    (215) 277-5770

O'BRIEN, BELLAND & BUSHINSKI, LLC


By: /s/Robert F. O'Brien
    Robert F. O'Brien
    David F. Watkins, Jr.
    1526 Berlin Road
    Cherry Hill, NJ 08003
    (856) 795-2181

Court-Appointed Executive Committee
Representing All Plaintiffs in Consolidated Action

Kal5797905

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2013, I caused to be electronically-filed Plaintiffs' Opposition to Defendants' Motion For Extension of Time to Answer, Move, or Otherwise Plead in Response to Plaintiff's Consolidated Complaint Pending Decision of Defendants' Motion to Stay, along with a proposed Order, with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.



/s/ Michael T. Fantini