IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE CHICKIE'S & PETE'S WAGE AND HOUR LITIGATION | : Master File No. 12-CV-06820 |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

      Chickie's and Pete's, Inc., Packer Café, Inc., CPC Bucks County LLC, CPC International LLC, Wright Food Services LLC, Warrington CPC, LLC, Audubon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco NJ LLC, EHT Crabco NJ, LLC, 4010, Inc., and Peter Ciarrocchi Jr., on behalf of and for the benefit of themselves, all related corporate entities, affiliates, subsidiaries and partnerships, its and their past, present, and future officers, directors, employees, partners, shareholders, agents, attorneys, insurers, successors and assigns, on the one hand (collectively "Defendants") and Keith Adams, Charlene Dill, Joseph Hosephros, Julie Anne Henry, Matthew John Kocher, Deanne Irwin, Andrew LaPlante, Amanda Lynch, Kathleen McIntyre, Alyssia M. Overline, and Brian Tygh (collectively, the "Named Plaintiffs") and Paul Abraham, Jr., Jessica Beavers, Jami Berry, Margaret A. Betshner, Holly Bordoni, Valeri Bradley, Michael C. Breslin, Danielle E. Brown, Kim M. Bryan, Caroline Bullecks, Sharon Chase, Dana M. Ciesielski, Denise Cinousis, Bridget Corey, Lindsey Croce, Francesca D'Adamo, Amanda DeAugustine, Danielle Devenney, Carrie Devenuto, Kimberly A. Devlin, Lisa Devlin, Debra D'Orazio, Kristen Doerrmann, Lauren Downey, Kathleen Doyle, Bridget Dougherty, Sean T. Everett, Nicole Fortune, Melanie Gallucci, Melissa Emily Galm, Brittany George, Lauretta Patricia Goldsworthy, Colleen Greer, Samantha L. Harding, Kristin Harris, Cara Hazlett, Julie Hennan, Ilissa J. Hochman, Rachel Hoffman, Lindsey Hooper, Ashley Horay, Taylor Leigh Irving, Stephen Jones, Randi Kanas, Christine King, Kerri Kirlin, Carolyn Lapps, Deneane Lautt, Erikka Leighton, April Lynne Marko, Michael Marzulli, Kelly Mendez, Deanna Merlino, Judith Florence Meyer, Jaime Mitchell, Kevin Monoghan, Ioanna Mylonas, Stacy M. Niewinski, Jamie Olcese, Rachel E. Orsi, Angela Owarzani, Robin Marie Palo, Christine M. Pell, Anthony Perrucci, Jennifer Podgorski, Christopher Pointko, Brian M. Roakes, Yesenia Santiago, Samantha Christine Saverio, Anne Rose Schum, Amanda L. Scalfaro, Ashlee R. Scattone, Nathaniel Schlitzer, Emily Robin Scott, Thomas Robert Sisca, Gina Sothern, Helen Swing, Mary Unger, Rebecca Weingart, and Melanie Wiesel on behalf of themselves and their heirs, executors, assigns, administrators, successors, and representatives, on the other hand (with the Named Plaintiffs, all collectively "Plaintiffs") enter into the following SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement").

      WHEREAS, on or about December 6, 2012, Plaintiff Andrew LaPlante filed this action in the United States District Court for the Eastern District of Pennsylvania, Case no. 2:12-cv-06820-RBS, and on or about January 11, 2013 filed an Amended Complaint (the "LaPlante Action");

      WHEREAS, on or about December 14, 2012, Plaintiffs Amanda Lynch and Brian Tygh filed a separate action in the United States District Court for the Eastern District of Pennsylvania, Case no. 2:12-cv-07008-RBS (the "Tygh Action");

WHEREAS, on or about January 16, 2013, Plaintiffs Kathleen McIntyre, Joseph Hosephros, Julie Anne Henry, Matthew John Kocher, Deanne Irwin, Charlene Dill, and Keith Adams filed a separate action in the United States District Court for the Eastern District of Pennsylvania, Case no. 2:13-cv-00277-RBS (the "Kocher Action");

WHEREAS, on or about February 27, 2013, Plaintiff Alyssia M. Overline filed a separate action in the United States District Court for the Eastern District of Pennsylvania, Case no. 2:13-cv-01037-RBS (the "Overline Action");

WHEREAS, the Court subsequently consolidated the LaPlante Action, the Tygh Action, the Kocher Action, and the Overline Action into a single action and, on or about April 11, 2013, the Named Plaintiffs filed a consolidated complaint asserting claims under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Philadelphia Gratuity Protection Law, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, and Pennsylvania common law (the "Action");

WHEREAS, the remaining Plaintiffs each opted into this Action as party plaintiffs pursuant to 29 U.S.C. § 216(b);

WHEREAS, Defendants have denied and continue to deny the allegations in the Action;

WHEREAS, Plaintiffs and Defendants ("Parties") desire to fully and finally resolve all claims between them, including the claims asserted in the Action;

WHEREAS, the Parties have agreed upon a settlement that follows the methodology approved by the United States Department of Labor ("DOL") in resolving a parallel wage and hour investigation of the Defendants; and

WHEREAS, Plaintiffs' attorneys have independently vetted the methodology approved by DOL and have received confirmation from Defendants' accountants, CBIZ MHM, LLC, that this methodology provides full recovery for their FLSA minimum wage claims;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration**.

In consideration for Plaintiffs' promises under this Agreement and complying with its terms, Defendants agree to pay a total settlement payment of one million, six hundred eight-five thousand, five hundred eleven dollars and ninety-five cents ($1,685,511.95) (the "Settlement Amount").

From the Settlement Amount, Defendants shall pay to each Plaintiff the gross amounts detailed in Schedule A hereto, by the later of (i) 60 days following final court approval of this Agreement or (ii) June 15, 2014.  Each Plaintiff will be paid via two checks as follows:

    a. Defendants shall pay each Plaintiff back pay of minimum wages, overtime compensation, and retained tips as detailed in Schedule A hereto, less any applicable Federal, state, and city taxes and less any credits for payments made during the Released Period (the "Back Pay Amount"). Defendants will issue an IRS Form W-2 for each Plaintiff's Back Pay Amount.

    b. Defendants shall pay each Plaintiff liquidated damages as detailed in Schedule A hereto (the "Liquidated Damages Amount"). Defendants will not withhold taxes from the Liquidated Damages Amount and will issue an IRS Form 1099 for each Plaintiff's Liquidated Damages Amount.

The checks described in Sections 1(a) and 1(b) above shall be sent directly to Plaintiffs' attorneys. Each individual Plaintiff shall only be entitled to the amounts attributed to him or her in Schedule A hereto. Plaintiffs acknowledge that they are completely and exclusively responsible for the payment of the employee's share of any and all appropriate federal, state and local taxes, interest and penalties for which they are or may become liable or which are determined to be owing to any governmental or taxing authority with regard to the Back Pay Amount or the Liquidated Damages Amount. Defendants will pay the employer's share of any such taxes.

  In addition to the gross amounts detailed in Schedule A hereto, Defendants shall also pay the combined sum of three hundred sixty-five thousand dollars ($365,000.00) to satisfy Plaintiffs' claims for attorneys' fees and costs (the "Attorneys' Fees Amount"), which payment shall be made no later than forty-five (45) days after the payments to the Plaintiffs. The Parties stipulate and agree that the Attorneys' Fees Amount is less than the lodestar for the work performed by Plaintiffs' attorneys in this Action and was negotiated after the substantive terms of the settlement were agreed upon. The Attorneys' Fees Amount may be paid by one or more checks payable to one or more law firms, as designated by Plaintiffs' counsel; provided, however, that the combined amount of these checks shall be exactly equal to the Attorneys' Fees Amount. Plaintiffs' counsel shall be solely responsible for determining the allocation of the Attorneys' Fees Amount between their attorneys and shall be the sole parties to any dispute relating to such allocation. In the event that there is any dispute relating to such allocation, Plaintiffs' counsel shall select a private mediator/arbitrator to resolve the dispute in a confidential proceeding. For the avoidance of doubt, Defendants shall not be a party to any dispute relating to the allocation of the Attorneys' Fees Amount and, in the event of such a dispute, Defendants may satisfy their obligation to play the Attorneys' Fees Amount by placing such amount into an escrow account. Defendants will issue an IRS Form 1099 to each law firm receiving payment of some or all of the Attorneys' Fees Amount.

  The payment of the Attorneys' Fees Amount does not and shall not reduce the individual and collective recovery to Plaintiffs set forth in Schedule A to this Agreement.

  The Back Pay Amount, the Liquidated Damages Amount, and the Attorneys' Fees Amount shall be referred to collectively herein as the "Settlement Amount."

  2. **Procedure for Execution and Court Approval**. The Parties agree that their attorneys shall execute and submit this Agreement to the Court on or before Thursday, February

20, 2014.  The Parties agree further that they shall take all subsequent steps necessary secure Court approval of this Agreement.  The Parties further agree that each individual Plaintiff shall be deemed to have accepted fully the terms and conditions of this Agreement, including the Release of Claims herein, through signature and execution of this Agreement by his or her attorney(s).  Each Plaintiff shall further be deemed to have affirmed his or her full acceptance of the terms and conditions of this Agreement, including the Release of Claims herein, by negotiating or endorsing at least one of his or her settlement checks.

3. **No Consideration Absent Court Approval**.  The monies specified in Section 1 and Attachment A of this Agreement are sufficient consideration for the promises contained herein.  No Plaintiff will be entitled to receive any portion of the Settlement Amount unless or until such time as the Court approves this Agreement; nevertheless, upon Court approval each Plaintiff shall be bound by the Release of Claims set forth in Section 5 irrespective of whether he or she negotiates or endorses any of his or her settlement checks.  Defendants understand and agree that Plaintiffs would not agree to dismissal of the Action except for Defendants' payment of the consideration described in Section 1 and Attachment A above.

4. **Dismissal of the Action**.  The Parties jointly request that the Court enter the proposed Order of Voluntary Dismissal with Prejudice that is attached hereto as Exhibit 1 contemporaneously with its approval of this agreement and thereby dismiss the Plaintiffs' claims in this Action, with prejudice (except as provided in Section 16 herein).

5. **Release of Claims**.

a. Upon Court approval of this Agreement, each Plaintiff, on behalf of him or herself and his or her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably WAIVES, RELEASES and FOREVER DISCHARGES to the fullest extent permitted by law, each Defendant, along with its parent, affiliates, conservators, regulators, subsidiaries, divisions, predecessors, owners, stockholders, investors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, all of whom are intended third-party beneficiaries of this Agreement, from the Released Claims for the Released Period, as defined in this Section 5.  This Release of Claims does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency; provided, however, that to the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies in connection with the Released Claims.

b. Each Plaintiff is, without limitation, precluded and estopped from bringing in the future any claim or cause of action released in this Section 5.

c. For purposes of this Agreement, the "Released Claims" shall mean any and all causes of action that were or could have been raised in the Action, known and unknown, suspected and unsuspected, and discovered and undiscovered, including but not limited to claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Philadelphia Gratuity

Protection Law, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, and/or any other state or common law provision regulating or providing recovery for hours of work, wages, the payment of wages, and/or the payment of overtime compensation based on any act or omission that occurred at any time during the Released Period, but excluding any claims for violation of any federal, state, or local statutory and/or public policy, right, or entitlement that, by applicable law, is not waivable.

   d. For purposes of this Agreement, the "Released Period" shall mean the period from the beginning of time up to and including December 31, 2012.

   e. This Release of Claims may be raised as a complete defense to and will preclude and bar any action or proceeding that is encompassed by this Release of Claims.

  6. **Limited Confidentiality**.  The Named Plaintiffs agree not to make or publish any statements to the press or to the media regarding the substance or negotiation of this Agreement and agree not to make or publish any statements to the press or to the media that disparage any of the Defendants.  Plaintiffs' attorneys agree not to make any statements to the press or to the media regarding the substance or negotiation of this agreement, except that counsel for the Parties may release a joint statement regarding this Agreement in a form agreed to by counsel.  For the avoidance of doubt, the terms of this Section 7 shall not prohibit the Named Plaintiffs or their attorneys from making any statements necessary to obtain the Court's approval of this agreement.

  Defendants agree not to make or publish any statements to the press or to the media that disparage any of the Named Plaintiffs.

  7. **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflict of laws provisions.  In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and should such provision be unable to be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

  8. **No Admission of Wrongdoing**.  The Parties are entering into this Agreement for business purposes only. The Parties agree that neither this Agreement nor the furnishing of consideration for these releases shall be deemed or construed at any time for any purpose as an admission by any party of any liability or unlawful conduct of any kind.

  9. **Amendment**.  This Agreement may not be modified, altered, or changed as to any particular party except upon express written consent of each affected party wherein specific reference is made to this Agreement.

  10. **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

Plaintiffs each acknowledge that he/she has not relied upon any representations, promises, or agreements of any kind made to any of them in connection with each of their decisions to accept this Agreement, except for those set forth in this Agreement.

11. **Counterpart Signatures**. The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in single document.

12. **Joint Participation and Negotiation of Agreement.** This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other(s).

13. **Court Approval.** The Parties will use their best efforts to obtain Court approval of this Agreement. The Parties further agree that in the event the Court does not approve this Agreement, the Agreement shall have no effect, and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

14. **No Tax Advice.** Nothing in this Agreement shall be construed as tax advice to any Party. Each Party is encouraged to seek independent tax advice.

15. **Retention of Jurisdiction.** The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement.

16. **Plaintiff Helen Swing.** Although Plaintiff Helen Swing joined this Action, Defendants' payroll records indicate that she was not employed by Defendants during the Released Period and that she is accordingly not entitled to receive any payment under this Agreement. The Parties therefore agree that Plaintiff Helen Swing's claims shall be dismissed without prejudice and that the statute of limitations for any claim of Plaintiff Helen Swing shall be tolled from July 31, 2013 (the date on which she filed her Consent to Sue) to the date of the Court's entry of the proposed Order of Voluntary Dismissal with Prejudice.

The Parties, through counsel, knowingly and voluntarily sign this Settlement Agreement and Release of Claims as of the date(s) set forth below:

BERGER & MONTAGUE, P.C.

Dated: _____

_____
Sherrie R. Savett
Michael T. Fantini
1622 Locust Street
Philadelphia, PA   19103
(215) 875-3000

*Attorneys for Plaintiff Alyssia M. Overline*

BERKE-WEISS & PECHMAN LLP

Dated: __2/20/14__

_____
Louis Pechman
Jessica N. Tischler
488 Madison Avenue, 11th Floor
New York, NY   10022
(212) 583-9500

*Attorneys for Plaintiffs Paul Abraham, Jr., Jessica Beavers, Jami Berry, Margaret A. Betshner, Holly Bordoni, Valeri Bradley, Michael C. Breslin, Danielle E. Brown, Kim M. Bryan, Caroline Bullecks, Sharon Chase, Dana M. Ciesielski, Denise Cinousis, Bridget Corey, Lindsey Croce, Francesca D'Adamo, Amanda DeAugustine, Danielle Devenney, Kimberly A. Devlin, Lisa Devlin, Debra D'Orazio, Kristen Doerrmann, Lauren Downey, Kathleen Doyle, Bridget Dougherty, Nicole Fortune, Melanie Gallucci, Melissa Emily Galm, Brittany George, Lauretta Patricia Goldsworthy, Samantha L. Harding, Kristin Harris, Cara Hazlett, Julie Hennan, Ilissa J. Hochman, Rachel Hoffman, Ashley Horay, Taylor Leigh Irving, Stephen Jones,*

BLANK ROME LLP

Dated: _____

_____
Anthony B. Haller
Frederick G. Sandstrom
Julie E. Reid
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5690

*Attorneys for Defendants Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010, Inc., Chickie's and Pete's, Inc., and Peter Ciarrocchi, Jr.*

FOX ROTHSCHILD LLP

Dated: _____

_____
Howard R. Flaxman
2000 Market Street, 20th Floor
Philadelphia, PA   19103
(215) 229-2000

*Attorneys for Defendant Wright Food Services LLC*

*Gina Sothern, Carrie Devenuto, Sean T. Everett, Colleen Greer, Lindsey Hooper, Kerri Kirlin, Deanna Merlino, and Keith Adams*

*Court-Appointed Executive Committee Representing All Plaintiffs in Consolidated Action*

The Parties, through counsel, knowingly and voluntarily sign this Settlement Agreement and Release of Claims as of the date(s) set forth below:

BERGER & MONTAGUE, P.C.

Dated: *February 20, 2014*

*/s/ Sherrie R. Savett*

Sherrie R. Savett
Michael T. Fantini
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Attorneys for Plaintiff Alyssia M. Overline*

BERKE-WEISS & PECHMAN LLP

Dated: _____

_____
Louis Pechman
Jessica N. Tischler
488 Madison Avenue, 11th Floor
New York, NY 10022
(212) 583-9500

*Attorneys for Plaintiffs Paul Abraham, Jr., Jessica Beavers, Jami Berry, Margaret A. Betshner, Holly Bordoni, Valeri Bradley, Michael C. Breslin, Danielle E. Brown, Kim M. Bryan, Caroline Bullecks, Sharon Chase, Dana M. Ciesielski, Denise Cinousis, Bridget Corey, Lindsey Croce, Francesca D'Adamo, Amanda DeAugustine, Danielle Devenney, Kimberly A. Devlin, Lisa Devlin, Debra D'Orazio, Kristen Doerrmann, Lauren Downey, Kathleen Doyle, Bridget Dougherty, Nicole Fortune, Melanie Gallucci, Melissa Emily Galm, Brittany George, Lauretta Patricia Goldsworthy, Samantha L. Harding, Kristin Harris, Cara Hazlett, Julie Hennan, Ilissa J. Hochman, Rachel Hoffman, Ashley Horay, Taylor Leigh Irving, Stephen Jones,*

BLANK ROME LLP

Dated: _____

_____
Anthony B. Haller
Frederick G. Sandstrom
Julie E. Reid
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5690

*Attorneys for Defendants Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010, Inc., Chickie's and Pete's, Inc., and Peter Ciarrocchi, Jr.*

FOX ROTHSCHILD LLP

Dated: _____

_____
Howard R. Flaxman
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 229-2000

*Attorneys for Defendant Wright Food Services LLC*

*Randi Kanas, Christine King, Andrew
LaPlante, Carolyn Lapps, Deneane Lautt,
Erikka Leighton, Amanda Lynch, April Lynne
Marko, Michael Marzulli, Kelly Mendez,
Judith Florence Meyer, Jaime Mitchell, Kevin
Monoghan, Ioanna Mylonas, Stacy M.
Niewinski, Jamie Olcese, Rachel E. Orsi,
Angela Owarzani, Robin Marie Palo, Christine
M. Pell, Anthony Perrucci, Jennifer Podgorski,
Christopher Pointko, Brian M. Roakes,
Yesenia Santiago, Samantha Christine Saverio,
Anne Rose Schum, Amanda L. Scalfaro, Ashlee
R. Scattone, Nathaniel Schlitzer, Emily Robin
Scott, Thomas Robert Sisca, Helen Swing,
Brian Tygh, Mary Unger, Rebecca Weingart,
and Melanie Wiesel*

CONNOLLY WELLS & GRAY, LLP

Dated: 2/20/14

_____
Gerald D. Wells, III
2200 Renaissance Boulevard, Suite 308
King of Prussia, PA 19406
610-822-3700

*Attorneys for Plaintiffs Amanda Lynch and
Brian Tygh*

O'BRIEN, BELLAND & BUSHINSKI, LLC

Dated: 2/20/14

_____
Robert F. O'Brien
David F. Watkins, Jr.
1526 Berlin Road
Cherry Hill, NJ 08003
(856) 795-2181

*Attorneys for Plaintiffs Kathleen McIntyre,
Joseph Hosephros, Julie Anne Henry, Matthew
John Kocher, Deanne Irwin, Charlene Dill,*

The Parties, through counsel, knowingly and voluntarily sign this Settlement Agreement and Release of Claims as of the date(s) set forth below:

BERGER & MONTAGUE, P.C.

Dated: _____

_____
Sherrie R. Savett
Michael T. Fantini
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000

*Attorneys for Plaintiff Alyssia M. Overline*

BERKE-WEISS & PECHMAN LLP

Dated: _____

_____
Louis Pechman
Jessica N. Tischler
488 Madison Avenue, 11th Floor
New York, NY  10022
(212) 583-9500

*Attorneys for Plaintiffs Paul Abraham, Jr., Jessica Beavers, Jami Berry, Margaret A. Betshner, Holly Bordoni, Valeri Bradley, Michael C. Breslin, Danielle E. Brown, Kim M. Bryan, Caroline Bullecks, Sharon Chase, Dana M. Ciesielski, Denise Cinousis, Bridget Corey, Lindsey Croce, Francesca D'Adamo, Amanda DeAugustine, Danielle Devenney, Kimberly A. Devlin, Lisa Devlin, Debra D'Orazio, Kristen Doerrmann, Lauren Downey, Kathleen Doyle, Bridget Dougherty, Nicole Fortune, Melanie Gallucci, Melissa Emily Galm, Brittany George, Lauretta Patricia Goldsworthy, Samantha L. Harding, Kristin Harris, Cara Hazlett, Julie Hennan, Ilissa J. Hochman, Rachel Hoffman, Ashley Horay, Taylor Leigh Irving, Stephen Jones,*

BLANK ROME LLP

Dated: __February 20th 2014__

_/s/ Anthony B Haller_____
Anthony B. Haller
Frederick G. Sandstrom
Julie E. Reid
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5690

*Attorneys for Defendants Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010, Inc., Chickie's and Pete's, Inc., and Peter Ciarrocchi, Jr.*

FOX ROTHSCHILD LLP

Dated: _____

_____
Howard R. Flaxman
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 229-2000

*Attorneys for Defendant Wright Food Services LLC*

The Parties, through counsel, knowingly and voluntarily sign this Settlement Agreement and Release of Claims as of the date(s) set forth below:

BERGER & MONTAGUE, P.C.

Dated: _____

_____
Sherrie R. Savett
Michael T. Fantini
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Attorneys for Plaintiff Alyssia M. Overline*

BERKE-WEISS & PECHMAN LLP

Dated: _____

_____
Louis Pechman
Jessica N. Tischler
488 Madison Avenue, 11th Floor
New York, NY 10022
(212) 583-9500

*Attorneys for Plaintiffs Paul Abraham, Jr., Jessica Beavers, Jami Berry, Margaret A. Betshner, Holly Bordoni, Valeri Bradley, Michael C. Breslin, Danielle E. Brown, Kim M. Bryan, Caroline Bullecks, Sharon Chase, Dana M. Ciesielski, Denise Cinousis, Bridget Corey, Lindsey Croce, Francesca D'Adamo, Amanda DeAugustine, Danielle Devenney, Kimberly A. Devlin, Lisa Devlin, Debra D'Orazio, Kristen Doerrmann, Lauren Downey, Kathleen Doyle, Bridget Dougherty, Nicole Fortune, Melanie Gallucci, Melissa Emily Galm, Brittany George, Lauretta Patricia Goldsworthy, Samantha L. Harding, Kristin Harris, Cara Hazlett, Julie Hennan, Ilissa J. Hochman, Rachel Hoffman, Ashley Horay, Taylor Leigh Irving, Stephen Jones,*

BLANK ROME LLP

Dated: _____

_____
Anthony B. Haller
Frederick G. Sandstrom
Julie E. Reid
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5690

*Attorneys for Defendants Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, Audobon CPC, LLC, Drexel Hill CPC, LLC, 130 Crabco N.J., LLC, EHT Crabco NJ, LLC, 4010, Inc., Chickie's and Pete's, Inc., and Peter Ciarrocchi, Jr.*

FOX ROTHSCHILD LLP

Dated: February 20, 2014

_____
Howard R. Flaxman
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 229-2000

*Attorneys for Defendant Wright Food Services LLC*

**EXHIBIT 1 – PROPOSED ORDER OF DISMISSAL WITH PREJUDICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
:
IN RE CHICKIES & PETE'S                          :
WAGE AND HOUR LITIGATION            :         Master File No. 12-CV-0682
:
---------------------------------------------------------------X

## ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE

Upon the joint application of all of the original named plaintiffs as well as all opt-in plaintiffs (together, the "Plaintiffs"), and all of the defendants ("Defendants"), by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement in the above-captioned action, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

HEREBY ORDERED AS FOLLOWS:

1.  The duly executed agreement, which includes, among other things, a waiver and release of the Plaintiffs' claims pursuant to the Fair Labor Standards Act of 1938, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2.  The settlement agreement is approved as a fair and reasonable disposition of the Plaintiffs' claims; and

3.  This action, including all claims asserted by the Plaintiffs herein, except for Plaintiff Helen Swing, is hereby dismissed with prejudice as against all of the Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4.  The claims of Plaintiff Helen Swing are hereby dismissed without prejudice. The statute of limitations on the claims of Plaintiff Helen Swing shall be deemed to have been tolled during the period from July 31, 2013 until the date of this Order.

The Court shall retain jurisdiction over this matter for purposes of enforcing the parties' settlement agreement, if necessary.

SO ORDERED.


Dated: _____, 2014        _____
                                                    United States District Judge

# SCHEDULE A

| Schedule A | | |
|---|---|---|
| **Employee Name** | **Gross Back Pay Due Subject to All Federal, State, and Local Taxes, Withholdings, and Deductions** | **Liquidated Damages** |
| Abraham Jr, Paul L | 688.29 | 447.39 |
| Adams, Keith | 1,017.98 | 661.69 |
| Beavers, Jessica | 10,652.33 | 7,677.34 |
| Berry, Jami | 13,722.25 | 10,329.09 |
| Betshner, Margaret | 18,913.57 | 12,004.32 |
| Bordoni, Holly | 15,574.00 | 10,753.84 |
| BRADLEY, VALERIE | 2,857.50 | 1,356.87 |
| BRESLIN, MICHAEL | 11,373.73 | 7,901.79 |
| Brown, Danielle | 14,170.78 | 8,427.92 |
| Bryan, Kim | 2,975.72 | 2,084.67 |
| Bullecks, Caroline | 17,477.85 | 12,490.21 |
| Ciesielski, Dana | 6,635.00 | 5,136.03 |
| Cinousis, Denise | - | 4,152.40 |
| Corey, Bridget | 21,928.68 | 14,902.35 |
| Croce, Lindsey | 14,603.19 | 10,316.13 |
| D'Adamo, Francesca | 17,301.46 | 13,152.75 |
| Devenney, Danielle | 9,765.79 | 7,010.85 |
| DeVenuto, Carrie | 4,345.97 | 2,824.88 |
| Devlin, Kimberly | 18,157.38 | 11,815.21 |
| Dill, CHARLENE | 933.16 | 546.71 |
| Doerrmann, Kristen | 6,681.44 | 4,022.09 |
| Donofrio, John | 15,119.45 | 9,355.70 |
| Dorazio, Debra | 16,129.95 | 11,160.31 |
| Dougherty, Bridget | 19,707.55 | 14,066.45 |
| Downey, Lauren P | 11,296.11 | 7,122.75 |
| Doyle, Kathleen | 12,843.23 | 9,502.93 |
| EVERITT, COLLEEN | 2,081.61 | 1,273.84 |
| EVERITT, Sean | 4,735.93 | 3,156.35 |
| Fortune, Nicole | 1,824.91 | 1,216.06 |
| Gallucci, Melanie | 8,832.96 | 6,282.13 |
| Galm, Melissa | 12,217.66 | 8,536.83 |
| George, Brittany | 17,396.10 | 12,387.30 |
| Goldsworthy, Lauretta | 3,375.74 | 3,466.40 |
| Harding, Samantha | 13,601.53 | 10,459.08 |
| Harris, Kristin | 2,757.20 | 2,407.49 |
| Hazlet, Cara | 3,739.21 | 1,898.05 |
| Heenan, Julie | 12,968.26 | 8,978.23 |
| Henkel, Amanda | 10,806.81 | 5,937.55 |
| Henry, Julie Total | 6,984.84 | 4,627.18 |
| Hochman, Ilissa | 2,715.09 | 1,910.29 |
| Hoffman, Rachel | 13,480.41 | 8,507.41 |
| Hooper, Lindsey | 8,745.51 | 5,771.93 |

| Schedule A | | |
|---|---|---|
| **Employee Name** | **Gross Back Pay Due Subject to All Federal, State, and Local Taxes, Withholdings, and Deductions** | **Liquidated Damages** |
| Horay, Ashley Gayle | 10,329.37 | 7,964.62 |
| HOSEPHROS, JOE | 1,081.45 | 621.04 |
| Irving, Taylor | 3,468.14 | 2,785.40 |
| IRWIN, DEANNE | 1,555.76 | 1,079.84 |
| Jones, Stephen | 6,407.22 | 4,727.53 |
| Kanas, Randi | 23,585.84 | 15,797.65 |
| King, Christina | 9,957.64 | 7,547.63 |
| Kirlin, Kerri | 4,188.63 | 2,978.03 |
| KOCHER, MATT | 7,958.05 | 5,017.53 |
| LaPlante, Andrew | 11,582.52 | 6,778.31 |
| Lapps, Carolyn | 9,815.64 | 7,041.15 |
| Lautt, Deneane | 6,514.34 | 5,317.97 |
| LEIGHTON, ERIKKA | 2,482.10 | 1,696.11 |
| Lynch, Amanda Marie | 5,003.96 | 4,037.75 |
| MARKO, APRIL | 252.79 | 166.23 |
| Marzulli, Michael | 13,955.17 | 9,673.09 |
| Mendez, Kelly | 14,199.09 | 10,031.65 |
| MERLINO, DEANNA | 3,026.74 | 915.29 |
| Meyer, Judy | 12,739.63 | 8,660.85 |
| Mitchell, Jaime | 9,360.75 | 5,547.24 |
| Monaghan, Kevin | 1,965.54 | 1,277.60 |
| Mylonas, Ioanna | 2,614.30 | 2,271.08 |
| Niewinski, Stacy | 15,438.61 | 9,904.56 |
| Olcese, Jamie | 26,630.73 | 19,165.98 |
| ORSI, RACHEL | 6,828.32 | 4,632.21 |
| Overline, Alyssia | 10,683.32 | 7,769.36 |
| Owarzani, Angela | 9,265.70 | 6,350.28 |
| PALO, ROBIN | 19,498.73 | 12,223.52 |
| Pell, Christine | 12,993.72 | 9,697.58 |
| Perrucci, Anthony | 2,686.23 | 2,187.48 |
| Piontko, Christop | 5,032.34 | 3,271.02 |
| Podgorski, Jennifer | 2,392.89 | 1,914.97 |
| ROAKES, BRIAN | 11,791.93 | 7,454.50 |
| Santiago, Yesenia M | 5,505.38 | 4,771.11 |
| Saverio, Samantha | 2,865.09 | 2,524.41 |
| Scalfaro, Amanda | 5,768.77 | 4,780.44 |
| Scattone, Ashlee | 4,281.28 | 3,541.29 |
| Schlitzer, Nathanie | 6,701.31 | 4,382.76 |
| Schum, Anne | 1,363.27 | 1,065.11 |
| SCOTT, EMILY | 5,622.56 | 3,637.23 |
| SINDONI, SHARON | 411.87 | 114.90 |
| Sisa, Thomas | 4,988.91 | 3,348.26 |

| Schedule A | | |
|---|---|---|
| **Employee Name** | **Gross Back Pay Due Subject to All Federal, State, and Local Taxes, Withholdings, and Deductions** | **Liquidated Damages** |
| Sothern, Gina | 2,961.85 | 1,894.01 |
| THORPE, LISA | 1,821.99 | 1,424.50 |
| Tygh, Brian | 14,971.10 | 10,059.30 |
| UNGER, MARY | 16,857.92 | 10,162.30 |
| Weingart, Rebecca L | 2,906.46 | 2,481.69 |
| Wiesel, Melanie | 5,457.89 | 4,871.88 |
| | **778,908.94** | **541,603.01** |