IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE CHICKIE'S & PETE'S          :          Civil Action
WAGE AND HOUR LITIGATION     :          No. 12-6820

SURRICK, J.                                                                          MARCH  7  , 2014

## MEMORANDUM

Presently before the Court is the parties' joint request to approve the proposed settlement agreement under the Fair Labor Standards Act.  (ECF No. 115.)  For the following reasons, the request will be granted.

## I.     BACKGROUND

This matter is a Consolidated Action combining four class and collective actions.  (*See* March 28, 2013 Order, ECF No. 80.)[1]  On April 11, 2013, Plaintiffs filed a Consolidated Complaint on behalf of themselves and others similarly situated.  (Compl., ECF No. 87.)[2] Defendant Peter Ciarrocchi is the owner and chief executive of Packer Café, Inc., CPC Bucks County, LLC, CPC International, LLC, Warrington CPC, LLC, 4010, Inc., and Chickie's and Pete's Inc.  (June 4, 2013 Mem. Op. 1, ECF No. 99.)  Defendant Wright Food Services LLC is an independent entity responsible for managing Chickie's & Pete's locations in the Philadelphia International Airport.  (*Id.*)  Each of the corporate Defendants is a restaurant or sports bar doing business as "Chickie's & Pete's."  (*Id.* at 1.)  Each location employs waiters, waitresses, and

---

[1] The prior individual class and collective actions were captioned as *LaPlante et al. v. Wright Food Services, LLC, et al.*, No. 12-06820 (E.D. Pa. Dec. 6, 2013), *Tygh et al. v. Packer Café, Inc., et al.*, No. 12-07008 (E.D. Pa. Dec. 14, 2012), *Kocher, et al. v. Chickie's & Pete's, Inc.*, No. 13-00277 (E.D. Pa. Jan. 16, 2013), and *Overline v. Chickie's & Pete's, Inc., et al.*, No. 13-01037 (E.D. Pa. Feb. 27, 2013).

[2] After the Consolidated Complaint was filed, additional Plaintiffs opted into this matter as party plaintiffs pursuant to 29 U.S.C. § 216(b).  (*See* ECF Nos. 95, 96, 97, 98, 104, 106, 107, 108, 111, 112, 113, 114.)

bartenders—employees compensated, in part, by tips from customers. (Compl. ¶ 2.) Plaintiffs are current or former employees of Chickie's & Pete's.

In the Complaint, Plaintiffs asserts that Defendants systematically and willfully deprived Plaintiffs of minimum wages, overtime pay, and gratuities, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, *et seq.*, the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment Collection Law, 43 Pa. Stat. Ann. §§ 260.1, *et seq.*, Pennsylvania's unjust enrichment doctrine, the Philadelphia Gratuity Protection Bill, Section 9-614 of The Philadelphia Code, the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq.* (*See* Compl. ¶¶ 119-196.) On February 20, 2014, the parties advised the Court by joint letter that they had reached an agreement to settle this matter pending Court approval.[3] (Feb. 20, 2014 Ltr., (on file with Court).) On the same day, Defendants filed the proposed Settlement Agreement and Release of Claims. (Proposed Agreement, ECF No. 115.)

The Proposed Agreement was reached after "long, vigorous, and arms'-length negotiations." (Feb. 20 Ltr.) Under the Agreement, Defendants, without admitting any liability, will pay Plaintiffs a sum of $1,320,511.95. (Proposed Agreement §§ 1, 8.) Of that amount, $778,908.94 is payment for back pay of minimum wages, overtime compensation, and retained tips. (*Id.* at § 1.) The remaining $541,603.01 is payment for liquidated damages. (*Id.*) The exact amount due to each Plaintiff is detailed in a schedule attached to the Proposed Agreement. (*Id.* at Schedule A.) In addition, Defendants will pay $365,000 in attorneys' fees and costs, an amount that the parties stipulate and agree is less than the lodestar for the work performed by Plaintiffs' attorneys with regard to this matter. (*Id.* at § 1.) The amount of attorneys' fees was

---

[3] Although the parties did not formally file a request or motion for approval in ECF, we will treat the February 20, 2014 letter as a joint request for approval of the proposed settlement agreement.

negotiated after the substantive terms of the settlement were agreed upon.  (*Id.*)  Upon Court approval of the Proposed Agreement, and in exchange for the payments from Defendants, Plaintiffs will release Defendants from any claims related to this matter and seek a voluntary dismissal with prejudice.  (*Id.* at § 5.)  Plaintiffs also agree not to disparage Defendants or to make or publish any statements regarding the substance or negotiation of the Proposed Agreement.  (*Id.* at § 6.)

## II.   LEGAL STANDARD

Claims arising under the FLSA can be settled or compromised by employees when either the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. § 216(c), or a district court approves the settlement pursuant to 29 U.S.C. § 216(b).  *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012).  Once parties present the district court with a proposed settlement under § 216(b), "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id.* (quoting *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  Although the Third Circuit has not yet specifically addressed what factors district courts should consider in evaluating settlement agreements under the FLSA, district courts in this circuit have referred to the considerations set forth in *Lynn's Food Stores*.  *Brown v. TrueBlue, Inc.*, No. 10-514, 2013 WL 5408575, at *1 (M.D. Pa. Sept. 25, 2013); *Dino v. Pennsylvania*, No. 08-1493, 2013 WL 4041681, at *4 (M.D. Pa. Aug. 8, 2013); *see Cuttic*, 868 F. Supp. 2d at 466.  Under *Lynn's Food Stores*, a district court may find that a proposed settlement agreement resolves a bona fide dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute."  679 F.2d at 1354.  "In scrutinizing the agreement for reasonableness

and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Dino*, 2013 WL 4041681, at *3 (quoting *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *4 (D.N.J. Mar. 26, 2013)); *see Brown*, 2013 WL 5408575, at *1.

### III.    DISCUSSION

#### A.    The Terms of the Proposed Agreement

While the Third Circuit has not definitively set out FLSA-specific criteria for district courts to use when assessing the fairness and reasonableness of any proposed settlement agreement, district courts in the circuit have looked to the *Girsh* factors that are used in evaluating the fairness of class action settlements under Federal Rule of Civil Procedure 23. *Dino*, 2013 WL 4041681, at *4; *Brown*, 2013 WL 5408575, at *2; *Brumley*, 2012 WL 1019337, at *4.  The nine *Girsh* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh v. Jepson*, 521 F.2d 153, 157-58 (3d Cir. 1975) (citation omitted).

We have reviewed the Proposed Agreement and find that, under the *Girsh* factors, the amount of the settlement is fair and reasonable.  This is a complex case that involves numerous Plaintiffs and various claims under both state and federal law.  Defendants deny any wrongdoing and challenge Plaintiffs' Complaint with 27 affirmative defenses.  Settlement of the case now,

while it is still in the earlier stages, allows both parties to avoid further legal expenses that would be significant if this case proceeded to trial and then potentially to appeals. Plaintiffs will also avoid having to wait for a remedy after lengthy litigation, will avoid the risk of an adverse determination, and will avoid having to certify and maintain the class. Furthermore, the amount of the settlement is significant: Plaintiffs are receiving significant liquidated damages in addition to back wages, overtime, and tips. Many of Plaintiffs are receiving thousands of dollars, which is reasonable compensation for their claims. It is also consistent with what the Department of Labor recovered for other affected employees in a related case. *See Perez v. Chickie's and Pete's Inc.*, Civ. Action No. 14-1042 (E.D. Pa., filed Feb. 20, 2014). We are satisfied that the Proposed Agreement was, in fact, negotiated at arms'-length and resolves a bona fide dispute between the parties.

In addition, we find that the Proposed Agreement does not frustrate the implementation of the FLSA in the workplace. The Proposed Agreement will be publicly available, and the limited confidentiality provision is not unduly restrictive so as to frustrate the purpose of FLSA. Courts have found full confidentiality provisions that prohibit dissemination to be problematic under the FLSA. *See Brown*, 2013 WL 5408575, at *3 (finding settlement agreement frustrated the implementation of the FLSA when it required the plaintiffs to keep the terms of the settlement confidential or risk forfeiting their awards); *Brumley*, 2012 WL 1019337, at *7 (finding that confidentiality agreement, if enforced would violate purpose of FLSA because it "(1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer"). However, the limited confidentiality provision here does not raise the same issues. The Proposed Agreement's confidentiality

5

provision does not seek to seal the record or prohibit Plaintiffs from discussing this matter with anyone, but only prohibits Plaintiffs from disparaging Defendants or discussing the substance and negotiations of this matter with the press and media.  Such a prohibition does not "thwart the informational objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right." *Brumley*, 2012 WL 1019337, at *7 (quoting *Dees v. Hydradry*, *Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).   The details of the Proposed Agreement are available to all as part of the public record, and Plaintiffs will be permitted to discuss the matter with fellow employees and others without forfeiting their awards.  The limited confidentiality provision allows for widespread dissemination of the Proposed Agreement and does not frustrate the purpose of the FLSA.

    **B.**    **Attorneys' Fees**

Under § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  In FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Brumley*, 2012 WL 1019337, at *9 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)).  The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).  Here, the recovery of attorneys' fees does not create a conflict of interest that affects Plaintiffs' ultimate recovery.  The amount of attorneys' fees was not negotiated until after the substantive terms of the Proposed Agreement.  Thus, the amount of attorneys' fees could not have affected the amount of Plaintiffs' recovery.  The remaining issue is whether the requested attorneys' fees is reasonable.

In FLSA cases, both the "lodestar" formula and the percentage-of-recovery method have been used in evaluating the reasonableness of attorneys' fees. *See Loughner*, 260 F.3d at 177 (using "lodestar" formula); *Brumley*, 2012 WL 1019337, at *9 (using percentage-of-recovery method). To determine what is reasonable under the lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner*, 260 F.3d at 177. The percentage-of-recovery method, on the other hand, allows a district judge to award attorneys' fees as a percentage of the total fund recovered. *In re Gen. Motors Corp. Pick-Up Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *Id.*; *see also Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable).

In this case, the Proposed Agreement states that the parties stipulate and agree that the requested $365,000 in attorneys' fees is less than the lodestar for the work performed by Plaintiffs' attorneys. Furthermore, the amount of requested attorney's fees represents less than 28 percent of the total recovery by Plaintiffs—a reasonable percentage of recovery. The parties' representations, combined with the fees being a reasonable percentage of the total recovery, favor a finding that $365,000 in attorneys' fees is reasonable here. Accordingly, we will allow the attorneys' fees requested in the Proposed Agreement.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' request to approve the Proposed Agreement will be granted.  An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**